**In re Don R. DAVIS and Linda L. Davis.**

No. 06-02-00161-CV.

Court of Appeals of Texas, Texarkana.

Submitted Oct. 24, 2002.

Decided Oct. 25, 2002.

Don Davis Sr., Linda L. Davis, Houston, pro se.

Before MORRISS, C.J., GRANT and ROSS, JJ.

OPINION

Opinion by Chief Justice MORRISS.

Don R. and Linda L. Davis, acting pro se, have filed a petition for writ of manda-

mus asking this Court to direct the removal of Judge Mike Wood, Probate Court Number 2 of Harris County, Texas, from a case involving the probate of the estate of Janet Davis. The Davises had filed a motion seeking to remove the judge based both on recusal and disqualification grounds. The motion was heard by an appointed judge, who denied their motion. The Davises ask this Court to find the ruling erroneous and to order his removal from the probate proceeding.

The question before this Court is jurisdiction. This Court has jurisdiction to issue a writ of mandamus against "a judge of a district or county court in the court of appeals district." TEX. GOV'T CODE ANN. § 22.221(b) (Vernon Supp.2002). Harris County is not within the territorial jurisdiction of this Court. TEX. GOV'T CODE ANN. § 22.201(g) (Vernon 1988).

An earlier attempted appeal in this case had been filed, and the Texas Supreme Court transferred it to this Court. This Court dismissed the appeal for want of jurisdiction as an attempt to appeal from an interlocutory order. We find nothing in this case which confers jurisdiction on this Court to decide this entirely separate mandamus proceeding.[1]

The counties that are contained in the districts for the courts of appeals are set out in TEX. GOV'T CODE ANN. § 22.201 (Vernon 1998). Our civil jurisdiction is set out in TEX. GOV'T CODE ANN. § 22.220 (Vernon 1988), which restricts our jurisdiction to those counties. Our mandamus jurisdiction is set out in Section 22.221(b), which provides us with authority to issue writs of mandamus against a judge of a district or county court in our district.

There is no statutory authority which would permit this Court to exercise mandamus jurisdiction over a mandamus proceeding brought against a judge of a court sitting in Harris County, Texas.

The petition for writ of mandamus is dismissed for want of jurisdiction.

---

1. The extent of our jurisdiction over the transferred case is specified in TEX. GOV'T CODE ANN. § 73.002 (Vernon 1998). We further note that the orders by the Texas Supreme Court directing the transfer of cases under the equalization process explicitly exclude any transfer of original proceedings.