NUMBER 13-07-153-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


____________________________________________________________



IN RE LARRY D. JACKSON



____________________________________________________________


On Petition for Writ of Mandamus

____________________________________________________________


MEMORANDUM OPINION



Before Justices Yañez, Benavides, and Vela


Per Curiam Memorandum Opinion (1)



 Relator, Larry D. Jackson, pro se, filed a petition for writ of mandamus in the
above cause on March 12, 2007, asking this Court to direct the 209th Judicial District
Court of Harris County, Texas, the Honorable Michael McSpadden presiding, to reduce
relator's bond on grounds that it is excessive. In further correspondence to this Court,
relator raises additional complaints regarding proceedings in the trial court below,
including allegations of prosecutorial misconduct, official oppression, the violation of
relator's constitutional rights, and the trial court's alleged failure to rule on relator's
pending motions. 

 We are obligated to determine sua sponte whether we have jurisdiction over this
proceeding. State v. Roberts, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996),
overruled on other grounds, State v. Medrano, 67 S.W.3d 892, 903 (Tex. Crim. App.
2002); Baranowski v. State, 176 S.W.3d 671, 675 (Tex. App.-Texarkana 2005, pet.
ref'd); Watson v. State, 96 S.W.3d 497, 500 (Tex. App.-Amarillo 2002, pet. ref'd). 
When we lack jurisdiction to act, we have no power to dispose of the matter in any
manner other than dismissal for lack of jurisdiction. Olivo v. State, 918 S.W.2d 519,
523 (Tex. Crim. App. 1996) (en banc); State v. Mercier, 164 S.W.3d 799, 809 (Tex.
App.-Corpus Christi 2005, pet. ref'd).

 The Texas Government Code provides that the state is divided into fourteen
courts of appeals districts with a court of appeals in each district. See Tex. Gov't
Code Ann. § 22.201(a) (Vernon 2004). The code further specifies which counties
comprise each court of appeals district. See id. at § 22.201(b)-(o) (Vernon 2004). 
Each court of appeals for a court of appeals district may issue all writs of mandamus,
"agreeable to the principles of law regulating those writs," against a judge of a district
or county court in the court of appeals district. See id. § 22.221(b) (Vernon 2004). 
 Based on the foregoing, this Court has jurisdiction to issue a writ of mandamus
against a judge of a district or county court in our court of appeals district. See id.;
In re Davis, 87 S.W.3d 794, 795 (Tex. App.-Texarkana 2002, orig. proceeding). The
209th Judicial District Court of Harris County is not within our court of appeals district
and is therefore not within the territorial jurisdiction of this Court. Tex. Gov't Code
Ann. § 22.201(n) (Vernon 2004); In re Davis, 87 S.W.3d at 795. Rather, cases
arising from a district or county court in Harris County fall within the territorial
jurisdiction of either the First Court of Appeals District or the Fourteenth Court of
Appeals District. See id. at § 22.201(b), (o) (Vernon 2004). 

 We find nothing in this case which confers jurisdiction on this Court to decide
this mandamus proceeding. Accordingly, the petition for writ of mandamus is
DISMISSED for want of jurisdiction. See In re Davis, 87 S.W.3d at 795. Any pending
motions are likewise DISMISSED for want of jurisdiction.

 PER CURIAM


Do not publish.

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed

this 13th day of March, 2007.

 


 

1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but
is not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).