In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00037-CV


______________________________




LELAND GREEN, Appellant



V.



HOWARD T. MATTHEWS, JR., AND RAFFAELLI REALTORS, Appellees




 


On Appeal from the County Court at Law


 Bowie County, Texas


Trial Court No. 06C1030-CCL




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 Leland Green, the appellant in this case, has filed a motion seeking to dismiss his appeal. 
Pursuant to Rule 42.1 of the Texas Rules of Appellate Procedure, his motion is granted. See Tex.
R. App. P. 42.1.

 We dismiss the appeal.



 Josh R. Morris III

 Chief Justice


Date Submitted: September 25, 2007 

Date Decided: September 26, 2007



le;
 text-indent: 0in
}

body
{
 font-family: "CG Times", serif;
 font-size: 12pt;
 font-weight: normal;
 font-style: normal
}

















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00141-CV
______________________________



IN RE: JADON MARQUE BALLARD





                                                                                                                                                             

Original Mandamus Proceeding





                                                                                                                                                             
                          


Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter



MEMORANDUM OPINION

            Jadon Marque Ballard has filed a petition for writ of mandamus in which he asks this Court
to order the 208th Judicial District Court of Harris County, Texas, to vacate the judgment of
conviction in trial court cause number 915943 and to dismiss the cause with prejudice, based on his
assertion the evidence presented at his trial shows his actual innocence. That conviction is presently
on appeal before this Court pursuant to an order transferring the appeal from the Houston First Court
of Appeals to this Court.
            This Court has jurisdiction to issue a writ of mandamus against a "judge of a district or
county court in the court of appeals district." Tex. Gov't Code Ann. § 22.221(b) (Vernon Supp.
2004). Harris County is not within the territorial jurisdiction of this Court. Tex. Gov't Code Ann.
§ 22.201(g). We find nothing in this case which confers jurisdiction on this Court to decide this
separate mandamus proceeding.


 See In re Davis, 87 S.W.3d 794, 795 (Tex. App.‒Texarkana 2002,
orig. proceeding).
            The counties that are contained in the districts for the courts of appeals are set out in Tex.
Gov't Code Ann. § 22.201 (Vernon Supp. 2004). Our civil jurisdiction is set out in Tex. Gov't
Code Ann. § 22.220 (Vernon 1988), which restricts our jurisdiction to those counties. Our
mandamus jurisdiction is set out in Section 22.221(b), which provides us with authority to issue
writs of mandamus against a judge of a district or county court in our district.
            There is no statutory authority which would permit this Court to exercise mandamus
jurisdiction over a mandamus proceeding brought against a judge of a court sitting in Harris County,
Texas. 
            Even if we had jurisdiction to address this mandamus on its merits, to establish entitlement
to mandamus relief, the relator must show that there is no adequate remedy at law to redress the
alleged harm and that the act to be compelled must be purely ministerial. Alvarez v. Eighth Court
of Appeals, 977 S.W.2d 590, 591 (Tex. Crim. App. 1998) (orig. proceeding); Stotts v. Wisser, 894
S.W.2d 366, 367 (Tex. Crim. App. 1995) (orig. proceeding). In this case, there is an adequate
remedy at law: the direct appeal which is presently pending before this Court. 
            We dismiss the petition for writ of mandamus for want of jurisdiction.
 

                                                                        Jack Carter
                                                                        Justice

Date Submitted:          November 3, 2003
Date Decided:             November 4, 2003