COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
  
  
  
  
 IN RE:  STEWART A.
 CROSS,
  
 Relator.                    
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
  '
 
  
 
 
  
  
                                    
 No.
 08-12-00303-CR
  
 AN ORIGINAL
 PROCEEDING
  
 IN MANDAMUS
  
 
 


 

MEMORANDUM OPINION

 

Relator Stewart A. Cross, is an inmate
presently incarcerated at the Lynaugh Unit of the Texas Department of Criminal
Justice in Pecos County, Texas.  On
September 24, 2012, the Clerk of the Eighth Court of Appeals responded to Relator’s
written motion for a free transcript of the statement of facts in the appeal of
his case.  In her correspondence to
Relator, the Clerk explained that because the Court had affirmed the trial
court’s judgment and the Court of Criminal Appeals had dismissed his petition
for discretionary review, the Court is not required to provide Relator with a
free copy of the record or any documents filed in his appeal.[1]  The Clerk also informed Relator of the price and
acceptable payment methods for purchasing copies of the appellate record from
the Court.

Relator subsequently filed in this Court a pro se petition for writ of mandamus requesting
that we compel the 203rd District Court of Dallas County, in which he was
convicted, to provide him a free copy of his record on appeal.[2]
 A Court of Appeals has jurisdiction to
issue a writ of mandamus against a district or county court judge in the
Court’s district and against a district court judge acting as a magistrate in a
court of inquiry in the Court’s district.[3]  Tex.
Gov’t Code Ann. § 22.221(b) (West 2004). 
However, because Dallas County is not within the Eighth Court of Appeals
district, we are without jurisdiction to consider Relator’s petition.  Tex.
Gov’t Code Ann. § 22.201(i) (West Supp. 2012); Tex. Gov’t Code Ann. § 22.221(b) (West 2004).  In re Davis,
87 S.W.3d 794, 795 (Tex.App.–Texarkana 2002, orig. proceeding).

The petition for writ of mandamus is
dismissed for want of jurisdiction.

 

                                                                        GUADALUPE
RIVERA, Justice

October 31, 2012

 

Before McClure, C.J., Rivera, J., and Antcliff, J.

 

(Do Not Publish)

 











[1]
See Cross v. State, No. 08-02-00170-CR, 2003 WL 253902, at *1
(Tex.App.–El Paso February 6, 2003, pet. dism’d) (mem. op., not designated for
publication).





[2]
Although Relator has not directly specified that
he is requesting that we compel the 203rd District Court to provide him with
the free records he seeks, he has asserted that the trial court has a duty to
provide him with the requested record. 
We therefore construe Relator’s petition as seeking relief against the
203rd District Court of Dallas County.

 





[3]
The Supreme Court of Texas has jurisdiction to issue a writ of mandamus against
a court of appeals.  Tex. Gov’t Code Ann. § 22.002(a) (West
2004).