

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-17-00019-CV

IN RE: CAROLYN BARNES

Original Mandamus Proceeding

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

Carolyn Barnes filed a statement of inability to afford payment of costs for the appellate record in a case that was transferred to this Court from the Waco Court of Appeals pursuant to a docket equalization order by the Texas Supreme Court. Invoking Rule 145 of the Texas Rules of Civil Procedure, the court reporters for the 220th Judicial District Court of Hamilton County, Texas, contested Barnes' statement and asked that she be required to prove her inability to afford costs. The trial court scheduled a Rule 145 evidentiary hearing for January 25, 2017. In response, Barnes filed a petition for writ of mandamus, accompanied by a motion for an emergency stay, asking this Court to direct the Honorable Phil Robertson, Judge of the 220th Judicial District Court of Hamilton County, Texas, to refrain from conducting the evidentiary hearing. Barnes further requests mandamus relief against the court reporters and wishes this Court to order them to provide her with a free record on appeal. Because we do not have jurisdiction over this original proceeding, we dismiss it.

Section 22.220 of the Texas Government Code is the source of this Court's jurisdiction. It clarifies that "[e]ach court of appeals has appellate jurisdiction of all civil cases within its district." TEX. GOV'T CODE ANN. § 22.220 (West Supp. 2016). Further, as applicable to this case, Section 22.221 of the Texas Government Code states, "Each court of appeals for a court of appeals district may issues all writs of mandamus . . . against a: (1) judge of a district or county court in the court of appeals district." TEX. GOV'T CODE ANN. § 22.221 (West 2004). The 220th Judicial District Court of Hamilton County is not located within our district. It is located within the district of the Waco Court of Appeals. Recognizing this, Barnes, who is also an attorney, first filed a petition

for writ mandamus requesting the same relief she seeks in this Court with the Waco Court of Appeals. On January 11, 2017, the Waco Court of Appeals denied Barnes' request.

In any event, we have previously ruled that the transfer of a case pursuant to the Texas Supreme Court's docket equalization order does not confer jurisdiction upon this Court in a separate original proceeding. *In re Davis*, 87 S.W.3d 794 (Tex. App.—Texarkana 2002, orig. proceeding). Indeed, the Texas Supreme Court's December 13, 2016, transfer order states, "It is specifically provided that the cases ordered transferred by this Order shall, in each instance, not include original proceedings." Simply put, there is no statutory or other authority which would permit this Court to exercise mandamus jurisdiction over a mandamus proceeding brought against a judge and court reporters of a court sitting in Hamilton County, Texas.

We dismiss the petition for writ of mandamus for want of jurisdiction.


Bailey C. Moseley
Justice

Date Submitted:     January 24, 2017
Date Decided:       January 24, 2017