

# NUMBER 13-22-00320-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE JESSE RAY CASTILLA

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Silva
### Memorandum Opinion by Justice Silva[1]

On July 18, 2022, Jesse Ray Castilla filed a pro se petition for writ of mandamus seeking to compel the trial court to issue rulings on relator's "Motion to Correct Inaccuracies in the Reporter's Record, Amended Motion to Correct Inaccuracies in the Record, and Motion to Compel the Bexar County District Clerk to Surrender a Copy of the Supplemental Record." Relator alleges that he "raised issues concerning the accuracy of

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

the record throughout [d]irect [a]ppeal proceedings and sought to correct the record[,] and unless these issues are resolved in the lower court, the case in question will render the appeal process moot." Relator also filed a motion for leave to file this petition for writ of mandamus.

This original proceeding arises from trial court cause number 2018-CR-1925 in the 290th District Court of Bexar County, Texas. In that cause, relator was convicted of murder and sentenced to seventy-five years' imprisonment in the Texas Department of Criminal Justice—Institutional Division. *See* TEX. PENAL CODE ANN. § 19.02. Relator appealed his conviction to the Fourth Court of Appeals, and his appeal was transferred to this Court by the Texas Supreme Court in accordance with its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001; Misc. Docket No. 19-9022 (Tex. Mar. 26, 2019). We affirmed appellant's conviction on direct appeal. *See Castilla v. State*, No. 13-19-00161-CR, 2020 WL 5056514, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 27, 2020, pet. ref'd) (mem. op., not designated for publication).

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

Article V, § 6 of the Texas Constitution delineates the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6(a); *see Powell v. Hocker*, 516 S.W.3d 488, 491 (Tex. Crim. App. 2017) (orig. proceeding). The main source of original jurisdiction for the courts of appeals is provided by § 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221; *In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that the intermediate appellate courts may issue writs of mandamus against specified judges in our district and "all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a), (b); *see In re State ex rel. Best*, 616 S.W.3d 594, 599 & n.3 (Tex. Crim. App. 2021) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that we lack jurisdiction over this original proceeding. First, relator seeks mandamus relief against the judge of the 290th District Court of Bexar County. However, Bexar County is not located within the geographic district for the Thirteenth Court of Appeals, but, instead, is located within the geographic district for the Fourth Court of Appeals. *See* TEX. GOV'T CODE ANN. § 22.201(e) (delineating the counties comprising the Fourth Court of Appeals District); *id.* § 22.201(n) (delineating the counties comprising the Thirteenth Court of Appeals District). Thus, we lack jurisdiction to issue a writ against the judge of the 290th District Court of Bexar County. *See id.* § 22.221(b). Second, relator's direct appeal process has concluded, and thus relator cannot establish that the requested relief is necessary to enforce our appellate jurisdiction in the appeal. *See id.* § 22.221(a). Third, and finally, relator's appeal in cause number 13-19-00161-CR was transferred to

3

this Court from the Fourth Court of Appeals by the Texas Supreme Court, and that transfer did not carry with it any jurisdiction to issue a writ of mandamus in a separate original proceeding. *See In re Davis*, 87 S.W.3d 794, 795 (Tex. App.—Texarkana 2002, orig. proceeding); Misc. Docket No. 19-9022 (Tex. Mar. 26, 2019) ("It is specifically provided that the cases ordered transferred by this Order shall, in each instance, not include original proceedings . . . ."); *see also In re Marton*, No. 13-22-00235-CV, 2022 WL 1682185, at *2 (Tex. App.—Corpus Christi–Edinburg May 26, 2022, orig. proceeding) (mem. op.); *In re Mahmood*, No. 07-22-00093-CV, 2022 WL 1160398, at *1 (Tex. App.—Amarillo Apr. 19, 2022, orig. proceeding) (per curiam) (mem. op.).

We dismiss relator's petition for writ of mandamus for want of jurisdiction. We dismiss as moot relator's motion for leave to file this original proceeding because leave is not required to file an original proceeding in an intermediate appellate court. *See* TEX. R. APP. P. 52 & cmt.; *In re Fields*, 619 S.W.3d 394, 394 (Tex. App.—Waco 2021, orig. proceeding) (per curiam); *see also In re Moreno*, No. 13-22-00184-CR, 2022 WL 1273312, at *2 (Tex. App.—Corpus Christi–Edinburg Apr. 28, 2022, orig. proceeding) (mem. op., not designated for publication); *In re Ramos*, No. 04-20-00466-CR, 2020 WL 6151001, at *1 (Tex. App.—San Antonio Oct. 21, 2020, orig. proceeding) (per curiam) (mem. op., not designated for publication).

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
21st day of July, 2022.

4