

# NUMBER 13-23-00113-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE WYLMON J. BOUDREAUX

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Silva and Peña
### Memorandum Opinion by Justice Silva[1]

On March 15, 2023, Wylmon J. Boudreaux filed a pro se petition for writ of mandamus seeking to compel the trial court to deliver a copy of the judgment rendered against him to the Texas Department of Criminal Justice (TDCJ). According to the petition, Boudreaux believes that he is eligible for parole, but the TDCJ has informed him that it "hold[s] no judg[]ment [or] order."

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

This original proceeding arises from trial court cause number 738839 in the 232nd District Court of Harris County, Texas. In that cause, Boudreaux was convicted of capital murder and sentenced to life imprisonment in the TDCJ's Institutional Division. *See* TEX. PENAL CODE ANN. § 19.03. Boudreaux appealed his conviction, and his appeal was transferred to this Court. We reformed Boudreaux's judgment of conviction to strike a reference to the use of a deadly weapon and affirmed the judgment as modified. *See Boudreaux v. State*, No. 13-97-00818-CR, 1999 WL 33757431, at *5 (Tex. App.—Corpus Christi–Edinburg July 1, 1999, no pet.) (mem. op., not designated for publication).

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

Article V, § 6 of the Texas Constitution delineates the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6(a); *see Powell v. Hocker*, 516 S.W.3d 488, 491 (Tex. Crim. App. 2017) (orig. proceeding). The main source of original jurisdiction for the courts of appeals is provided by § 22.221 of the

Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221; *In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that the intermediate appellate courts may issue writs of mandamus against specified judges in our district and "all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a), (b); *see In re State ex rel. Best*, 616 S.W.3d 594, 599 & n.3 (Tex. Crim. App. 2021) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that we lack jurisdiction over this original proceeding. First, Boudreaux seeks mandamus relief against the judge of the 232nd District Court of Harris County. However, Harris County is not located within the geographic district for the Thirteenth Court of Appeals, but, instead, is located within the geographic districts for the First and Fourteenth Courts of Appeals. *See* TEX. GOV'T CODE ANN. § 22.201(a), (o) (delineating the counties comprising the First and Fourteenth Courts of Appeals Districts); *id.* § 22.201(n) (delineating the counties comprising the Thirteenth Court of Appeals District). Thus, we lack jurisdiction to issue a writ against the judge of the 232nd District Court of Harris County. *See id.* § 22.221(b). Second, Boudreaux's direct appeal process has concluded, and thus Boudreaux cannot establish that the requested relief is necessary to enforce our appellate jurisdiction in the appeal. *See id.* § 22.221(a). Third, and finally, Boudreaux's direct appeal was transferred to this Court, and that transfer did not carry with it any jurisdiction to issue a writ of mandamus in a separate original proceeding. *See In re Davis*, 87 S.W.3d 794, 795 (Tex. App.—Texarkana 2002, orig. proceeding); *see also In re Marton*, No. 13-22-00235-CV, 2022 WL 1682185, at *2 (Tex. App.—Corpus Christi–

3

Edinburg May 26, 2022, orig. proceeding) (mem. op.); *In re Mahmood*, No. 07-22-00093-CV, 2022 WL 1160398, at *1 (Tex. App.—Amarillo Apr. 19, 2022, orig. proceeding) (per curiam) (mem. op.). Accordingly, we dismiss Boudreaux's petition for writ of mandamus for want of jurisdiction.

CLARISSA SILVA
Justice

Do not publish.
Tᴇx. R. Aᴘᴘ. P. 47.2 (b).

Delivered and filed on the
16th day of March, 2023.

4