

# NUMBER 13-25-00241-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE CONGHUA YAN

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

### Before Chief Justice Tijerina and Justices West and Cron
### Memorandum Opinion by Chief Justice Tijerina[1]

By pro se petition for writ of mandamus, relator Conghua Yan contends that the trial court abused its discretion by: (1) appointing a receiver; (2) failing to file findings of fact and conclusions of law; and (3) denying relator's motion to stay the trial court proceedings. Relator seeks temporary relief to stay the trial court proceedings pending the resolution of his petition for writ of mandamus.

---

[1] See TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); id. R. 47.4 (distinguishing opinions and memorandum opinions).

This petition for writ of mandamus arises from trial court cause number 325-707596-21 in the 325th District Court of Tarrant County, Texas. Relator filed a direct appeal from that cause to the Second Court of Appeals, and his appeal was transferred to this Court by the Texas Supreme Court in accordance with its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001; Misc. Docket No. 24-9081 (Tex. Oct. 14, 2024). We dismissed that appeal for want of prosecution. *See In re Marriage of Yan*, No. 13-24-00617-CV, 2025 WL 635243, at *1 (Tex. App.—Corpus Christi–Edinburg Feb. 27, 2025, no pet. h.) (mem. op.).

A writ of mandamus is an extraordinary remedy available only when the trial court clearly abused its discretion and the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must provide an appendix and record sufficient to support the claim for relief. *See generally* TEX. R. APP. P. 52.3, 52.7(a).

Article V, § 6 of the Texas Constitution delineates the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6(a). The main source of original jurisdiction for the courts of appeals is provided by § 22.221 of the Texas

Government Code. *See* Tex. Gov't Code Ann. § 22.221; *In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that an intermediate appellate court may issue a writ of mandamus against specified judges in its district and "all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a), (b).

The Court, having examined and fully considered the petition for writ of mandamus and the limited record provided, is of the opinion that we lack jurisdiction over this original proceeding. First, relator seeks mandamus relief against the judge of the 325th District Court of Tarrant County. However, Tarrant County is not located within the geographic district for the Thirteenth Court of Appeals but is instead located within the geographic district for the Second Court of Appeals. *See id.* § 22.201(c) (delineating the counties comprising the Second Court of Appeals District); *id.* § 22.201(n) (delineating the counties comprising the Thirteenth Court of Appeals District). Thus, we lack jurisdiction to issue a writ against the judge of the 325th District Court of Tarrant County. *See id.* § 22.221(b). Second, we have dismissed relator's direct appeal for want of prosecution, and thus the writ is not necessary to enforce the jurisdiction of this Court. *See id.* § 22.221(a). Third, and finally, relator's appeal in cause number 13-24-00617-CV was transferred to this Court from the Second Court of Appeals by the Texas Supreme Court, and that transfer did not carry with it any jurisdiction to issue a writ of mandamus in a separate original proceeding. *See* Misc. Docket No. 24-9081 (Tex. Oct. 14, 2024) ("It is specifically provided that the cases ordered transferred by this Order shall, in each instance, not include original proceedings . . . ."); *In re Davis*, 87 S.W.3d 794, 795 n.1 (Tex. App.—Texarkana 2002, orig. proceeding); *see also In re Marton*, No. 13-22-00235-CV, 2022 WL

3

1682185, at *2 (Tex. App.—Corpus Christi–Edinburg May 26, 2022, orig. proceeding) (mem. op.); *In re Mahmood*, No. 07-22-00093-CV, 2022 WL 1160398, at *1 (Tex. App.—Amarillo Apr. 19, 2022, orig. proceeding) (per curiam) (mem. op.). Accordingly, we dismiss the petition for writ of mandamus and relator's request for temporary relief for want of jurisdiction.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
5th day of May, 2025.

4