

# NUMBER 13-25-00594-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE CHYNETHIA GRAGG

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and West**
**Memorandum Opinion by Justice Silva[1]**

By pro se petition for writ of mandamus, relator Chynethia Gragg contends that the trial court abused its discretion by: (1) "granting summary judgment while discovery subpoenas . . . remained enforceable and ongoing, thereby depriving [r]elator of an adequate opportunity to respond with critical evidence"; (2) determining that it lacked plenary power; and (3) granting summary judgment before providing relator with an

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

adequate opportunity for discovery. The petition for writ of mandamus arises from trial court cause number D24-31868-CV in the 13th District Court of Navarro County, Texas. Relator filed a direct appeal from that cause number to the Tenth Court of Appeals, and the appeal was transferred to this Court by the Texas Supreme Court in accordance with its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001; Misc. Docket No. 25-9079 (Tex. Oct. 1, 2025).

A writ of mandamus is an extraordinary remedy available only when the trial court clearly abused its discretion and the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must provide an appendix and record sufficient to support the claim for relief. *See generally* TEX. R. APP. P. 52.3, 52.7(a).

Article V, § 6 of the Texas Constitution delineates the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6(a). Section 22.221 of the Texas Government Code provides the main source of original jurisdiction for the intermediate courts of appeals. *See* TEX. GOV'T CODE ANN. § 22.221; *In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this

2

section provides that an intermediate appellate court may issue a writ of mandamus against specified judges in its district and "all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a), (b).

The Court, having examined and fully considered the petition for writ of mandamus and the limited record provided, is of the opinion that we lack jurisdiction over this original proceeding. First, relator seeks mandamus relief against the judge of the 13th District Court of Navarro County. However, Navarro County is not located within the geographic district for the Thirteenth Court of Appeals but is instead located within the geographic district for the Tenth Court of Appeals. *See id.* § 22.201(k) (delineating the counties comprising the Tenth Court of Appeals District); *id.* § 22.201(n) (delineating the counties comprising the Thirteenth Court of Appeals District). Thus, we lack jurisdiction to issue a writ against the judge of the 13th District Court of Navarro County. *See id.* § 22.221(b). Second, relator does not contend that the writ is necessary to enforce the jurisdiction of this Court, and our review does not indicate otherwise. *See id.* § 22.221(a). Third, and finally, relator's appeal in our appellate cause number 13-25-00552-CV was transferred to this Court from the Tenth Court of Appeals by the Texas Supreme Court, and that transfer did not carry with it any jurisdiction to issue a writ of mandamus in a separate original proceeding. *See* Misc. Docket No. 25-9079 (Tex. Oct. 1, 2025) ("It is specifically provided that the cases ordered transferred by this order shall, in each instance, not include original proceedings . . . ."); *In re Davis*, 87 S.W.3d 794, 795 n.1 (Tex. App.—Texarkana 2002, orig. proceeding); *see also In re Yan*, No. 13-25-00241-CV, 2025 WL 1299506, at *2 (Tex. App.—Corpus Christi–Edinburg May 5, 2025, orig. proceeding) (mem. op.); *In re Mahmood*, No. 07-22-00093-CV, 2022 WL 1160398, at *1 (Tex. App.—

3

Amarillo Apr. 19, 2022, orig. proceeding) (per curiam) (mem. op.); *In re Foster*, No. 07-20-00190-CV, 2020 WL 4577717, at *1 (Tex. App.—Amarillo Aug. 7, 2020, orig. proceeding) (per curiam) (mem. op.). Accordingly, we dismiss the petition for writ of mandamus for want of jurisdiction.

CLARISSA SILVA
Justice

Delivered and filed on the
12th day of November, 2025.