The Honorable Javier ALVAREZ, Original Judge of the County Court at Law No. Three of El Paso County, Relator,

v.

THE EIGHTH COURT OF APPEALS OF TEXAS, Respondent.

No. 72,907.

Court of Criminal Appeals of Texas, En Banc.

May 6, 1998.

Michael R. Gibson, Charles Louis Roberts, El Paso, for appellant.

John D. Gates, Jaime Esparza, District Attorney, El Paso, Matthew Paul, State's Attorney, Austin, for the State.

*OPINION*

PER CURIAM.

This is an application invoking this Court's jurisdiction to issue a writ of mandamus. Relator is seeking to compel Respondent to withdraw its judgments of September 19, 1996. Those judgments ordered Relator to withdraw the issuance of writs of habeas corpus requiring certain persons to appear and show why the relief prayed for should not be granted. *City of El Paso v. The Honorable Javier Alvarez, Judge of the County Court at Law No. Three,* 931 S.W.2d 370 (Tex.App.—El Paso 1996), and *City of El Paso v. The Honorable Javier Alvarez,*

*Judge of the County Court at Law No. Three, No. 08-96-00247-cv* (Tex.App.—El Paso, delivered September 19, 1996). In each case Relator was also ordered to vacate the stay of proceedings which had been entered and to enter orders denying each application for a writ of habeas corpus. Respondent described the procedural history of the case:

> The City [of El Paso] has filed complaints in the El Paso Municipal Courts against Phyllis Woodall and Jeannie Coutta for violation of the City of El Paso's Adult Entertainment Ordinance. Those complaints are currently pending in the municipal courts. On April 11, 1996, Woodall and Coutta each filed an application for writ of habeas corpus in the County Court at Law No. Three in which they raise several challenges to the constitutionality of the ordinance and further allege constitutional violations occurring as a result of their prosecutions.

> \* \* \*

> Also on April 11, 1996, Respondent [Relator in this Court] entered an order granting Woodall's and Coutta's applications for writ of habeas corpus, set both habeas proceedings for an evidentiary hearing to be held on June 7, and by entry of separate orders stayed any proceedings in the underlying municipal prosecutions. On June 3, Woodall and Coutta obtained a subpoena duces tecum directed at several city officials and employees [footnote omitted] which required them to bring records, memoranda, notes and any other documents pertaining to a lawsuit styled *El Paso Entertainment, Inc. v. The City of El Paso, TX.* which is apparently pending in federal district court, as well as orders or instructions relating to enforcement of the Adult Entertainment Ordinance.

> The City filed a motion for leave to file and petition for writ of mandamus and prohibition in this Court on June 5. We granted leave to file petition for writ of

mandamus and stayed the habeas corpus proceeding.

*City of El Paso v. Alvarez,* 931 S.W.2d at 373–74. Similar facts are presented as to four other habeas applicants in No. 08–96–00247–CV.

The Court of Appeals recognized that to establish an entitlement to mandamus relief a relator must satisfy two requirements: (1) there must be no adequate remedy at law to redress the alleged harm; and, (2) the act sought to be compelled must be purely ministerial. *Stotts v. Wisser,* 894 S.W.2d 366, 367 (Tex.Cr.App.1995); *Buntion v. Harmon,* 827 S.W.2d 945, 947 (Tex.Cr.App.1992); *and, Stearnes v. Clinton,* 780 S.W.2d 216, 219 (Tex.Cr.App.1989).

The Court of Appeals held there was no adequate remedy at law available to the City. That holding rested primarily on two bases. First, no appeal would lie from a decision to grant relief to habeas applicants. Second, even if such an appeal were available the District Attorney could decline to exercise that appellate right.[1]

The Court then held that while Relator acted with jurisdiction in issuing the writ, it exceeded its authority in doing so. The Court reasoned that there was no discretion to issue the writ, and thus no authority to do so, because the applicants had not demonstrated they were restrained. The Court relied on *Ex parte Crawford,* 506 S.W.2d 920, 921 (Tex.Civ. App.—Tyler 1974, no writ), in which the court of civil appeals held that a showing of restraint was required to issue an original writ of habeas corpus. The averment of restraint, alone, is insufficient to show restraint to the point of justifying issuance of an original writ of habeas corpus. The Court of Appeals then, in each case, conditionally granted the writ of mandamus ordering the Relator herein to withdraw the issuance of the writs, vacate the stay of proceedings and ordered Relator to deny habeas relief in each of the applicant's cases.

---

1. The Court of Appeals also held that there was no authority permitting an appeal from the issuance of a writ of habeas corpus. However, since an adequate remedy at law may well exist in the form of an appeal from the granting of relief pursuant to the issued writ of habeas corpus, it is irrelevant whether an appeal from the issuance of the writ is available.

Relator has applied for a writ of mandamus from this Court challenging the actions of the Court of Appeals. This is the appropriate remedy since Relator cannot seek review of the decision by petition for discretionary review. *Jacolos v. State*, 692 S.W.2d 724, 726 (Tex.Cr.App.1985). The action by which review of the issuance of a writ of mandamus by a court of appeals may be had is through a writ of mandamus in this Court. *Dickens v. Court of Appeals for the Second Supreme Judicial District of Texas*, 727 S.W.2d 542, 546 (Tex.Cr.App.1987). We review the action of the Court of Appeals to determine if that court clearly abused its discretion in granting mandamus relief. If an adequate remedy at law is available in the form of an appeal, it is an abuse of discretion to grant mandamus relief. *Id.*, 727 S.W.2d at 553.

On June 18, 1997, we ordered the Respondent to consider and explain the effect, if any, of the potential for a State's appeal pursuant to Tex.Code Crim. Proc. Ann. Art. 44.01(a)(1). Respondent answered that, under the statute, only a county or district attorney may give notice of appeal from an order dismissing a prosecution of a municipal ordinance violation, but that neither could do so because neither had the primary responsibility of prosecuting municipal cases. Further, while the District Attorney may participate in the prosecution of municipal cases, he need not do so and thus he does not have primary responsibility. Respondent noted that the city attorney has the primary responsibility of appealing municipal court convictions and that the city attorney is not listed in the statute as one who can appeal from the dismissal of a complaint. Since the statute has been strictly construed in relation to who may appeal, the Court of Appeals decided there was no adequate remedy at law.

The Court of Appeals held that even if the District Attorney could appeal any adverse decision in the habeas proceeding, that remedy would be inadequate because the State could choose not to appeal. We disagree that this would be dispositive of the case since it is not the decision whether to appeal but rather its availability which is in issue.

Two cases which indicate the State may not appeal from a trial court's decision to grant relief upon an application for a writ of habeas corpus are distinguishable. *Board of Pardons and Paroles ex rel. Keene v. The Eighth Court of Appeals*, 910 S.W.2d 481 (Tex.Cr. App.1995); and, *State ex rel. Holmes v. Klevenhagen*, 819 S.W.2d 539 (Tex.Cr.App.1991);

In *Keene*, the applicant sought a writ of habeas corpus alleging certain irregularities in the revocation of his parole. After a hearing, a magistrate granted partial habeas corpus relief and set bail. Applicant appealed from that portion of the order denying habeas relief. The magistrate subsequently set aside the revocation of parole and quashed the revocation warrant requiring applicant's return to the Texas Department of Criminal Justice—Institutional Division. We held that the State had no adequate remedy at law because "[g]enerally, only the unsuccessful applicant is entitled to the right of an appeal." *Keene*, 910 S.W.2d at 483.

In *Klevenhagen* this Court faced a situation in which the trial court had, in the face of a Governor's Warrant commanding extradition to Louisiana, granted habeas corpus relief. The State sought mandamus alleging that it had no adequate remedy at law. We agreed, rejecting the respondent's contention that the granting of habeas relief was functionally equivalent to granting a new trial. We also relied on the wording of Art. 44.01, which contains no provision expressly authorizing the State to appeal either a grant of habeas corpus relief or an adverse ruling in an extradition proceeding.

However, in *State v. Young*, 810 S.W.2d 221, 224 (Tex.Cr.App.1991), a trial court issued a writ of habeas corpus and ordered the indictments dismissed because they were defective. The State appealed. This Court held that the trial court's granting of relief "effectively terminated" the proceedings, an action from which the State may appeal under Art. 44.01. Thus the order, originating in habeas corpus, was an appealable order notwithstanding the lack of express statutory authority to appeal from a grant of habeas relief. *See also State v. Moreno*, 807 S.W.2d 327 (Tex.Cr.App.1991).

■ In the case at bar the relief sought was dismissal of the complaints charging offenses in municipal court. Article 44.01(a)(1) plainly allows a State's appeal if the order of a court in a criminal case "dismisses an indictment, information or complaint, or any portion of an indictment, information or complaint...." Art. 44.01 must be "construed to achieve its purpose." *Young,* 810 S.W.2d at 224. "[T]he intent of the Legislature in enacting such Article was to allow for a state appeal from any trial court order terminating the criminal proceedings against a defendant." *Ibid.* The fact that this is another court rather than the trial court is of no moment, as recognized by the *Court of Appeals in State v. Morse,* 903 S.W.2d 100, 104 (Tex.App.—El Paso 1995, no pet.), if that court takes action which effectively terminates criminal proceedings:

> ... By using the general term "court," the Legislature did not evidence an intent to limit the State's right to appeal to orders entered by courts exercising only their original criminal jurisdiction.

> Further, the types of orders described in Art. 44.01(a) do not limit the State's appeal to orders entered by a court exercising original jurisdiction. While the actions listed in Art. 44.01(a) are typically construed as being taken by a trial court, a county court exercising its criminal appellate jurisdiction may also enter the same orders. As an obvious example, a county court may dismiss a complaint in a municipal appeal de novo. The State has been permitted to appeal such an order in two cases. [citations omitted] Therefore, the literal text of Art. 44.01 permits the State to appeal orders of county courts entered in municipal appeals de novo. It would make little sense to construe Art. 44.01 as permitting the State to appeal from a county court's dismissal of a complaint in a de novo situation, but not allow an appeal from a county court's decision holding that the trial court should have quashed the complaint and ordered the complaint be dismissed. Both decisions accomplish the same result. In the absence of any express language limiting the State's right to appeal to orders entered by courts in exer-

cise of their original jurisdiction, we conclude that Art. 44.01 applies to orders entered by county courts in the context of municipal appeals so long as the order accomplishes a result listed in Subsection (a)(1)—(a)(5).

We agree with the rationale expressed by the Court of Appeals in *Morse.* No express language in Art. 44.01 requires the trial court, to the exclusion of other courts, to act to terminate the proceedings before the State may appeal. Rather, the statute allows an appeal of "an order of a court" if the order meets specified requisites in its effect. We hold that if the granting of relief by a habeas corpus court results in one of the enumerated situations within Art. 44.01(a), the State may appeal regardless of what label is used to denominate the proceeding which results in the order being entered.

■ As to the question of the authority of the District Attorney to represent the State in matters of habeas corpus it has long been the law that: "... When any criminal proceeding is had before an examining court in [the district attorney's] district or before a judge upon habeas corpus, and he is notified of same, and is at the time within his district, he shall represent the State therein, unless prevented by other official duties." Tex. Code Crim. Proc. Ann. Art. 2.01. The District Attorney in El Paso County, unless disqualified through a conflict of interest or by other statutory reason, shall represent the State in habeas actions within his district.

Since there is an adequate remedy at law available, regardless of its discretionary use, the City of El Paso has not met the two-pronged test required for issuance of mandamus. Therefore, the Court of Appeals erred in its conditional grant of mandamus relief and, therefore, Respondent's order to Relator was unauthorized. As Relator Alvarez has no remedy at law from the Court of Appeals' actions, adequate or otherwise, other than mandamus, *Jacolos,* 692 S.W.2d at 726; *Dickens,* 727 S.W.2d at 546, and as he has shown the Court of Appeals' conditional grant of mandamus was without authority he

is entitled to mandamus relief.[2]

Having determined that Relator has established his entitlement to mandamus relief, the petition for mandamus is conditionally granted and the Respondent is ordered to vacate and withdraw its opinions in Nos. 08–96–00237–CV and 08–96–00247–CV directing the Relator to vacate his orders issuing the writs of habeas corpus, directing the Relator to vacate his orders staying the proceedings in the Relator's court, and directing the Relator to enter an order in each case denying each petition for habeas corpus. The writ of mandamus from this Court will not, however, issue unless Respondent fails to comply with the directives of this Court expressed herein.

---

**2.** It could be argued that the action by the Respondent is premature in that the Relator had not entered any order as of the time of the action of the court of appeals. However, this position was not taken by any of the parties and is not, consequently, before the Court at this time.