Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS




)
 

)
 No. 08-03-00184-CR

)


EX PARTE: PHYLLIS WOODALL )
 Appeal from

)
 

)
 384th District Court

)


)
 of El Paso County, Texas

)


)
 (TC# 20030D00623)


O P I N I O N



 Phyllis Woodall appeals from an order denying habeas corpus relief. The issue before us is
whether the notice of appeal must comply with the certification requirement found in Rule 25.2(d)
of the Texas Rules of Appellate Procedure. Concluding that it must, we order Woodall to amend
her notice of appeal to comply with the certification requirement.

FACTUAL SUMMARY


 Woodall, who is part-owner and operator of the Naked Harem adult entertainment club, has
been charged by complaint with violation of the City of El Paso's anti-smoking ordinance. That
prosecution is currently pending in Municipal Court 5A of the City of El Paso. Woodall filed a
petition for writ of habeas corpus in the 384th District Court of El Paso County alleging that the
ordinance is unconstitutional. The State of Texas, represented by deputized assistant district
attorneys, filed a response to the petition and appeared at the hearing on the petition. Following the
hearing, the district court entered an order denying relief.

 Woodall timely filed a notice of appeal on April 17, 2003. See Tex.R.App.P. 31. The notice
of appeal did not contain the trial court's certification as required by Tex.R.App.P. 25.2(d). Upon
receipt of the notice of appeal, the Clerk's Office wrote to Woodall's counsel requesting that he
address the issue whether Woodall's notice of appeal is required to comply with Rule 25.2(d). 
Counsel has filed a response on behalf of Woodall in which he generally argues that the certification
requirement does not apply to appeals from an order denying habeas corpus relief.

THE CERTIFICATION REQUIREMENT


 Rule 25.2(a)(2) governs the defendant's right to appeal in a criminal case:

 A defendant in a criminal case has the right of appeal under Code of Criminal
Procedure article 44.02 (1) and these rules. The trial court shall enter a certification of
the defendant's right of appeal in every case in which it enters a judgment of guilt
or other appealable order. In a plea bargain case--that is, a case in which 
defendant's plea is guilty or nolo contendere and the punishment did not exceed the
punishment recommended by the prosecutor and agreed to by the defendant--a
defendant may appeal only:


 (A) those matters that were raised by written motion filed and ruled
on before trial, or


 (B) after getting the trial court's permission to appeal.


[Emphasis added]. Tex.R.App.P. 25.2(a)(2).


 Rule 25.2(d) addresses the certification requirement at issue in this case. The rule requires
that the trial court certify whether the defendant has a right of appeal under Rule 25.2(a)(2). 
Tex.R.App.P. 25.2(d). (2) Rule 25.2(a)(2), in turn, requires that the trial court enter a certification of
the defendant's right of appeal in every case in which it enters a judgment of guilt or other
appealable order. Tex.R.App.P. 25.2(a)(2). The appeal must be dismissed if a certification showing
the defendant has the right of appeal has not been made part of the record under the Rules of
Appellate Procedure. Tex.R.App.P. 25.2(d).

 We understand Woodall to argue that because habeas corpus is a civil remedy, this is not a
criminal appeal, and therefore, Rule 25.2 does not apply. We disagree. Woodall has been subjected
to a criminal prosecution for violation of the City's anti-smoking ordinance, and by her petition, she
seeks to have the criminal prosecution against her dismissed. Although Woodall's petition does not
cite the particular authority by which she filed it, Article 11.09 authorizes writs of habeas corpus in
misdemeanor cases. See Tex.Code Crim.Proc.Ann. art. 11.09 (Vernon 1977). She invoked the
district court's jurisdiction to grant habeas corpus relief in misdemeanor cases pursuant to Article
11.05. See Tex.Code Crim.Proc.Ann. art. 11.05; State ex rel. Rodriguez v. Onion, 741 S.W.2d
433, 434 (Tex.Crim.App. 1987). (3) This Court has previously held that a writ of habeas corpus
proceeding brought pursuant to Article 11 of the Code of Criminal Procedure is a criminal
proceeding. Gibson v. State, 921 S.W.2d 747, 753 (Tex.App.--El Paso 1996, writ denied). (4) 
Additionally, we note that the State of Texas defended against the writ at the hearing. In a
mandamus arising out of another habeas corpus proceeding involving Woodall and her alleged
violation of a city ordinance, the Court of Criminal Appeals held that it is a criminal proceeding, and
therefore, the District Attorney's Office is obligated to represent the State pursuant to Article 2.01
of the Code of Criminal Procedure. See Alvarez v. Eighth Court of Appeals of Texas, 977 S.W.2d
590, 593 (Tex.Crim.App. 1998). (5)

 We also conclude that Woodall's appeal of the denial of habeas corpus relief is a criminal
action within the meaning of Article 44.02, which provides that a defendant in any criminal action
has the right of appeal under the rules "hereinafter prescribed" in the Code of Criminal Procedure. 
Tex.Code Crim.Proc.Ann. art. 44.02 (Vernon 1979). Prior to a 1985 amendment moving the
provision to the Rules of Appellate Procedure, Article 44.34 of the Code of Criminal Procedure
provided for the right to appeal from denial of habeas corpus relief. Acts 1981, 67th Leg., R.S., ch.
291, § 140, 1981 Tex.Gen.Laws 818, repealed by Acts 1985, 69th Leg., R.S., ch. 685, § 4, 1985
Tex.Gen.Laws 2472 (current version found at Tex.R.App.P. 31). It is well established that appeals
from the denial of relief sought in misdemeanor post-conviction writs of habeas corpus are properly
directed to the intermediate courts of appeals. See Ex parte Jordan, 659 S.W.2d 827, 828
(Tex.Crim.App. 1983); Dahesh v. State, 51 S.W.3d 300, 302 (Tex.App.--Houston [14th Dist.] 2000,
pet. ref'd); see also Tex.R.App.P. 31 (governing appeals from habeas corpus proceedings). Because
a misdemeanor post-conviction writ of habeas corpus proceeding is an appealable criminal action
within the meaning of Article 44.02 and the order denying habeas corpus relief is an appealable order
within the meaning of Rule 25.2(a)(2), we conclude that the certification requirement of Rule 25.2(d)
applies in the instant appeal. 

 It is necessary to address a second argument raised by Woodall. She asserts that it is
impossible to comply with the certification requirement because the trial court is unable to certify
that the appeal is for a jurisdictional defect or that the substance of the appeal was raised by written
motion and ruled on before trial. She also points out that the trial court has not granted permission
to appeal. Apparently, Woodall mistakenly believes that the certification requirement applies only
to guilty pleas. To the contrary, Rules 25.2(a)(2) and (d) apply to judgments entered following a jury
trial and to appealable orders. A review of the certification form recommended by the Court of
Criminal Appeals reflects that the trial court has five choices available when certifying the
defendant's right of appeal in a criminal case. The form provides as follows:

 I, judge of the trial court, certify this criminal case:


 is not a plea-bargain case, and the defendant has the right of appeal. [or]




 is a plea-bargain case, but matters were raised by written motion filed and
ruled on before trial and not withdrawn or waived, and the defendant has the
right of appeal. [or]




 is a plea-bargain case, but the trial court has given permission to appeal, and
the defendant has the right of appeal. [or]




 is a plea-bargain case, and the defendant has NO right of appeal. [or]




 the defendant has waived the right of appeal.



Tex.R.App.P. 25.2(a)(2), Appendix (Trial Court's Certification of Defendant's Right of Appeal).


 In this particular case, the trial court would be required to certify that the criminal case "is
not a plea-bargain case, and the defendant has the right of appeal." Thus, the application of Rule
25.2 does not deprive Woodall of the right to appeal. Woodall is directed to file an amended notice
of appeal in the appellate court no later than thirty days after the issuance of this opinion. If Woodall
fails to comply with Rule 25.2(d), his appeal will be dismissed pursuant to Rule 25.2(d) without
further notice.



July 24, 2003 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.


(Do Not Publish)
1. Article 44.02 provides that "A defendant in any criminal action has the right of appeal under the rules
hereinafter prescribed . . . ." Tex.Code Crim.Proc.Ann. art. 44.02 (Vernon 1979).
2. "If the defendant is the appellant, the record must include the trial court's certification of the defendant's right
of appeal under Rule 25.2(a)(2). The certification should be part of the record when notice is filed, but may be added
by timely amendment or supplementation under this rule or Rule 34.5(c)(1) or Rule 37.1 or by order of the appellate
court under Rule 34.5(c)(2). The appeal must be dismissed if a certification that shows the defendant has the right of
appeal has not been made part of the record under these rules." Tex.R.App.P. 25.2(d).
3. Although Article 11.09 of the Code of Criminal Procedure provides that an application for a writ of habeas
corpus in a misdemeanor case should be filed in the county court, the statute is merely advisory and does not deprive the
district court of its jurisdiction to hear post-conviction habeas corpus petitions in misdemeanor cases. State ex rel.
Rodriguez v. Onion, 741 S.W.2d 433, 434 (Tex.Crim.App. 1987).
4. Woodall's counsel was the petitioner in Gibson.
5. In that case, the City of El Paso filed complaints in the El Paso Municipal Courts against Phyllis Woodall
and Jeannie Coutta for violation of the City of El Paso's Adult Entertainment Ordinance. Woodall and Coutta each filed
an application for writ of habeas corpus in the County Court at Law No. Three in which they raised several challenges
to the constitutionality of the ordinance and further alleged constitutional violations occurring as a result of their
prosecutions. Alvarez, 977 S.W.2d at 591.