In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-491 CV


____________________



IN RE RONALD E. KNOX






Original Proceeding






 MEMORANDUM OPINION 


 Ronald E. Knox petitioned the Court for a writ of mandamus to compel the trial
court to rule on his motion for new trial and request for a bench warrant. The cases
allegedly affected by the motion for new trial, Cause Nos. CR20202, CR20203, and
CR20280, appear to be criminal cases. Knox alleges the motion has been on file for 140
working days without a ruling. In a criminal case, a motion for new trial is deemed denied
75 days after sentence is imposed. Tex. R. App. P. 21.8. The relator fails to demonstrate
that his motion for new trial has not been overruled by operation of law. He also fails to
explain why the refusal to issue a written ruling on the motion for new trial could not be
raised as error in an appeal.

 We may grant mandamus relief if relator demonstrates that the act sought to be
compelled is purely ministerial under the relevant facts and law, and that relator has no other
adequate legal remedy. State ex. rel. Hill v. Court of Appeals for the Fifth District, 34
S.W.3d 924, 927 (Tex. Crim. App. 2001). An act is "ministerial" if it does not involve
the exercise of any discretion or the relator's entitlement to the relief sought is clear and
indisputable such that its merits are beyond dispute. Id. at 927-28. The existence of an
adequate remedy at law in the form of an appeal precludes mandamus relief. Alvarez v.
Eighth Court of Appeals, 977 S.W.2d 590, 592 (Tex. Crim. App. 1998). In this case, the
relator has not shown that he is entitled to the relief sought.

 The petition for writ of mandamus is therefore denied.

 WRIT DENIED.

 PER CURIAM

Opinion Delivered December 1, 2005 

Before McKeithen, C.J., Gaultney and Kreger, JJ.