

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-08-00200-CR

_____

### IN RE:
### JARRARD MCGARY

Original Mandamus Proceeding

Before Morriss, C.J., Moseley and Cornelius*, JJ.
Memorandum Opinion by Chief Justice Morriss

_____

*Chief Justice, Retired, Sitting by Assignment

MEMORANDUM                     OPINION

Jarrard McGary was convicted of murder in 1997. Since 2001, McGary has, in various ways, sought to obtain DNA testing to undermine his conviction. His latest motion, filed February 6, 2007, in the Fifth Judicial District Court in Bowie County, seeks appointment of an expert and an order for post-conviction DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. On October 9, 2007, the trial court held a hearing on McGary's motion and requested post-hearing briefing, which was dated December 19, 2007. Two times since then—March 24 and May 27, 2008—McGary's counsel reminded the trial court of the pending motion and requested its ruling. Finally, by letter dated July 10, 2008, McGary's counsel asked the State to contact the trial court and ask for a ruling on the motion. No ruling has been made.

On October 8, 2008, McGary filed a petition for writ of mandamus asking us to order the trial court to rule on his motion. We conditionally grant the petition.

The State's response to McGary's petition was received October 29, 2008. In that response, the State asserts that, because the affidavit required by Section 64.01 of the Texas Code of Criminal Procedure was not attached to McGary's motion, the motion was not ripe for decision and that McGary's motion will become moot November 14, 2008, by being ruled on at that time.

To establish entitlement to mandamus relief, the relator must show that there is no adequate remedy at law to redress the alleged harm and that the act to be compelled is purely ministerial. *Alvarez v. Eighth Court of Appeals*, 977 S.W.2d 590, 592 (Tex. Crim. App. 1998) (orig. proceeding);

3

*Stotts v. Wisser*, 894 S.W.2d 366, 367 (Tex. Crim. App. 1995) (orig. proceeding). An act is ministerial "where the law clearly spells out the duty to be performed . . . with such certainty that nothing is left to the exercise of discretion or judgment." *Tex. Dep't of Corrections v. Dalehite*, 623 S.W.2d 420, 424 (Tex. Crim. App. 1981) (orig. proceeding).

Within a reasonable amount of time, a trial court must consider and rule on a motion brought to the court's attention. *In re Bonds*, 57 S.W.3d 456, 457 (Tex. App.—San Antonio 2001, orig. proceeding). This includes rulings on motions for DNA testing and the appointment of counsel for the purpose of pursuing DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. *In re Cash*, 99 S.W.3d 286, 288 (Tex. App.—Texarkana 2003, orig. proceeding); *In re Dimas*, 88 S.W.3d 349, 351 (Tex. App.—San Antonio 2002, orig. proceeding). McGary's motion has been pending and ripe for a ruling for ten months, and counsel has twice urged the trial court to rule. That delay is certainly beyond a reasonable time.

While we have jurisdiction to direct the trial court to proceed and rule, we may not tell the court what ruling it should make. *See Crofts v. Court of Civil Appeals*, 362 S.W.2d 101 (Tex. 1962) (orig. proceeding); *State ex rel. Hill v. Court of Appeals, Fifth Dist.*, 34 S.W.3d 924, 927 n.3 (Tex. Crim. App. 2001) (orig. proceeding).

We conditionally grant McGary's petition for writ of mandamus. The writ will issue only if the trial court fails to rule on McGary's motion within twenty-one days from the date of this opinion.

 

Josh R. Morriss, III
Chief Justice

Date Submitted:  November 5, 2008
Date Decided:   November 6, 2008

Do Not Publish