**Relator's Motion for Rehearing Denied; Petition for Writ of Mandamus Denied; Memorandum Opinion of October 13, 2020 Withdrawn, and Substitute Memorandum Opinion filed November 17, 2020.**



In The

# Fourteenth Court of Appeals

### NO. 14-20-00674-CR

### NO. 14-20-00675-CR

## IN RE TODD W. ALTSCHUL, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**23rd District Court**
**Brazoria County, Texas**
**Trial Court Cause Nos. 26672 and 26673**

## SUBSTITUTE MEMORANDUM OPINION

We withdraw our Memorandum Opinion of October 13, 2020, and issue this Substitute Memorandum Opinion.

On September 30, 2020, relator Todd W. Altschul filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to correct and modify nunc pro tunc

judgments signed on August 28, 2019, by the Honorable Terri Holder, presiding judge of the 23rd District Court of Brazoria County.

Relator also filed a motion to suspend any rule requiring a mandamus proceeding to be filed within six months or a year.

To be entitled to mandamus relief, a relator must show that he has no adequate remedy at law to redress his alleged harm, and that what he seeks is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex.Crim.App.2007) (orig. proceeding).

"A nunc pro tunc judgment is an appealable order under Article 44.02 [of the Code of Criminal Procedure] if the appeal is timely filed." *Blanton v. State*, 369 S.W.3d 894, 904 (Tex. 2012). Mandamus relief is not available to challenge an appealable order. *See Alvarez v. Eighth Court of Appeals of Tex*., 977 S.W.2d 590, 592 (Tex. Crim. App. 1998). The failure to timely pursue an adequate legal remedy forecloses mandamus relief. *See In re Robertson*, No. 14–16–01013–CV, 2017 WL 506807, at *2 (Tex. App.–Houston [14th Dist.] Feb. 7, 2017, orig. proceeding) (per curiam) (mem. op.).

Relator has not shown that he has no adequate remedy at law to redress the alleged harm from the alleged errors in the nunc pro tunc judgments. Therefore, relator has not shown that he is entitled to mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210. Accordingly, we deny relator's petition for writ of mandamus. The denial of mandamus relief renders relator's motion to suspend moot.

On October 21, 2020,  relator filed a motion for rehearing. We deny the motion for rehearing.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Wise and Bourliot.
Do Not Publish — Tex. R. App. P. 47.2(b).