

# In the Court of Criminal Appeals of Texas

No. PD-0159-22

## EX PARTE JESUS ALBERTO GUZMAN CURIPOMA,

*Appellee*

On Petition from the Kinney County Attorney
And on the Court's Own Motion for Discretionary Review
From the Third Court of Appeals
Travis County

YEARY, J., filed a concurring opinion.

It is always appropriate for courts to ascertain who are the proper parties to litigation. But, in my view, the dissent gets the answer to that question wrong, and it falls apart from there. The dissent says: "The State is a party in this case, so the question becomes who has the authority to represent the State in filing a PDR." Dissenting Opinion at

4. The dissent also says that "the Travis County District Attorney was the 'prosecuting attorney' with the sole authority to represent the State on appeal." *Id.* at 9. These statements suggest an underlying assumption that "the State" is a party in these habeas proceedings, and that, because the Travis County District Attorney is the elected attorney constitutionally authorized to represent "the State" in cases filed in the trial courts of his county, only the Travis County District Attorney was authorized to oppose Appellee in these proceedings and on appeal from them. But that is just wrong.

The applicable statutory law must always be examined. And after examining our controlling statutory law, it is evident to me that the dissent improperly excludes the only elected prosecutor—the only "prosecuting attorney"—with an interest in these proceedings from any power to defend his action. I will endeavor to explain.

### I. ARTICLE 11.01, CODE OF CRIMINAL PROCEDURE

Let us begin with the language of Article 11.01 of our Code of Criminal Procedure. Article 11.01 establishes what a writ of habeas corpus is:

> It is *an order* issued by a court or judge of competent jurisdiction, ***directed to any one having a person in his custody, or under his restraint***, *commanding him to produce such person*, at a time and place named in the writ, *and show why he is held in custody or under restraint.*

TEX. CODE CRIM. PROC. art. 11.01 (emphasis added). This statute makes clear that whoever has a person "in his custody or under restraint" is a

party to habeas litigation.[1] In some cases the person who has another person "in his custody or under restraint" might be the State, but that is not necessarily aways the case. Because Appellee in this case was being held by authorities in Kinney County pending trial or resolution of the charges against him, *those authorities* were the *necessary parties* to his pre-trial application for the writ of habeas corpus. *Id.*

The dissent disagrees. But its position is belied by the plain and unambiguous language of Article 11.01. Appellee was held in custody or restraint, not by the State of Texas *per se*, or by authorities from Travis County, but by local authorities in Kinney County. It is they, the Kinney County authorities, who must answer for Appellee's detention, restraint, and prosecution.

During the entire pendency of Appellee's *pre-trial* detention or restraint, including during the proceedings on his pre-trial application for the writ of habeas corpus filed in Travis County, it was the Kinney County authorities (who undoubtedly exercise the power of a political subdivision of the state distinct from the Travis County District Attorney) who held or restrained him. The writ issued by the trial court in this case, pursuant to the plain language of Article 11.01, was required to order the authorities from Kinney County to produce Appellee and answer "why he [was] held in custody or under restraint." TEX. CODE CRIM. PROC. art. 11.01. This was true even if the trial court that issued the writ was located far away from Kinney County. *Id.* The

---

[1] *See Party*, BLACK'S LAW DICTIONARY (11th ed. 2019) 1350−51 ("2. One by or against whom a lawsuit is brought; anyone who is both directly interested in a lawsuit and has a right to control the proceedings, make a defense, or appeal from an adverse judgment[.]").

dissent concludes differently, and so I respectfully offer my own view on the subject.

## II. WHO IS AUTHORIZED BY ARTICLE 44.01 TO BRING A STATE'S APPEAL

After failing to acknowledge the plain and unambiguous language in Article 11.01, the dissent then compounds the problem when it concludes that "the Kinney County Attorney had no authority to represent the State in an appeal from Appellee's habeas action[.]" Dissenting Opinion at 9. Attempting to explain why it draws that conclusion, the dissent focuses on Article 44.01, which makes clear that it is only the "prosecuting attorney" who holds the State's authority to appeal in Texas criminal cases. Specifically, the Court points to Subsection (d) of Article 44.01, which provides:

> The *prosecuting attorney* may not make an appeal under Subsection (a) or (b) of this article later than the 20th day after the date on which the order, ruling, or sentence to be appealed is entered by the court.

TEX. CODE CRIM. PROC. art. 44.01(d) (emphasis added); Dissenting Opinion at 8. The dissent then focuses on the definition of "prosecuting attorney" found in Subsection (i) of that article. Dissenting Opinion at 8–9. Subsection (i) provides that, "[i]n this article, 'prosecuting attorney' means":

> the county attorney, district attorney, or criminal district attorney who has the primary responsibility of prosecuting cases in the court hearing *the case* and does not include an assistant prosecuting attorney.

TEX. CODE CRIM. PROC. art. 44.01(i) (emphasis added).

After examining these provisions of Article 44.01, the dissent

concludes that, because "[t]he appeal in *the present case* is from a habeas action in Travis County District Court," the "Travis County District Attorney [is] the 'prosecuting attorney' with the sole authority to represent the State on appeal." Dissenting Opinion at 9 (emphasis added). But I am persuaded that the dissent misperceives both the language in Article 44.01(i) and the limited breadth of the State's Article 44.01-authorized right of appeal.

Article 44.01 provides a limited right of appeal for the State. TEX. CODE CRIM. PROC. art. 44.01. In Subsection (i) of that article, the Legislature specifically identifies the person who is authorized to take those limited appeals. That person is the "prosecuting attorney." Our law says that he is the person "who has the primary responsibility of prosecuting cases in the court hearing *the case.*" TEX. CODE CRIM. PROC. art. 44.01(i) (emphasis added). Focusing on that text then, the question which we must answer is what "case" is "the case" to which Article 44.01(i) refers? Does "the case" include a pre-trial application for a writ of habeas corpus, even when that proceeding is filed by an applicant in a court in a county foreign to the one in which the applicant is charged, in an attempt to defeat his own ongoing prosecution outside the reach of the elected attorney prosecuting him? The dissent concludes that it does.

In the dissent's view, "[t]he case" in Article 44.01(i), refers to the application for writ of habeas corpus case that Appellee filed in Travis County. Dissenting Opinion at 8–10. But Article 44.01 does not speak to a right of appeal in relation to a pre-trial application for the writ of habeas corpus. In fact, it does not mention habeas corpus other than

with respect to Article 11.072, which is not applicable here.[2] Nor does it grant "the State" a general right to appeal from any conceivable adverse orders that may arise in pre-trial habeas corpus proceedings. It only grants "the State" specific authorization to appeal from orders that "meet[] specified requisites in [their] effect" or "results[.]" *See Alvarez v. Eighth Court of Appeals*, 977 S.W.2d 590, 593 (Tex. Crim. App. 1998) ("[I]f the granting of relief by a habeas corpus court results in one of the enumerated situations within Art. 44.01(a), the State may appeal[.]").

Stated another way, it is not the *existence* of an adverse order in some pre-trial habeas proceeding that Article 44.01(a) gives the State a right to appeal from. It is the "effect" or "results" of an order granting habeas relief that may or may not make such an order appealable. And the "effect" or "result" of the Travis County District Court's order in this case is to compel the dismissal of a criminal case, but not any criminal case then pending in Travis County. The dismissal is ordered to take place "in Kinney County, Texas"!

That dismissal, whenever it happens or happened, will have its effect on a case then pending in the Kinney County Court, where the constitutionally authorized representative of the State is the Kinney County Attorney, not the Travis County District Attorney. It is the dismissal of that prosecution in Kinney County that Article 44.01(a) permits the State to appeal. Logically, this must mean that the Kinney County Attorney is the proper representative of the State—the

---

[2] The application filed in this case appears to be filed pursuant to Article 11.09, which authorizes pre-trial applications for the writ in misdemeanor cases. TEX. CODE CRIM. PROC. art. 11.09.

"prosecuting attorney"—with the authority to appeal the order. TEX. CONST. art. V, § 21 (authorizing a County Attorney to "represent the state" in the trial courts in his county).

Even though this Court already essentially prohibited the kind of out-of-county writ practice at issue here, in *In re Smith*, 665 S.W.3d 449 (Tex. Crim. App. 2022), it acknowledged that an out-of-county writ application might still be authorized in some circumstances. Specifically, the Court referred to cases in which there is "a truly catastrophic event" or if venue is transferred. *Id*. at 457. The Court did not exclude the possibility that it also might be appropriate in other cases as well. But in those circumstances, going forward, the dissenting opinion in this case would counsel that the foreign County or District Attorney should "represent the State" in those habeas proceedings, even though the results of those proceedings will ultimately affect only proceedings in the counties where the challenged charges are pending. That is a mistake, and this case proves it.

Cases like this should remind the Court that, in this big state, it is not at all unusual to find elected County and District Attorneys from different counties who are adverse to one another with regard to the desirability of certain kinds of prosecutions. This reality should also illuminate the Court's understanding of the words "the case" in Article 44.01(i). Let's face it. In the real world, the Travis County District Attorney may be the only attorney constitutionally authorized to represent "the State" in the trial courts of his own county, but he has no vested interest in preserving the Kinney County Attorney's right to continue prosecuting Appellee and similarly charged individuals.  And

with regard to those cases pending in Kinney County, there is no way in which the Travis County District Attorney could properly be considered a "prosecuting attorney." The only way in which Article 44.01(i) works to identify a real "prosecuting attorney" with an actual legislatively granted interest in appealing is if its reference to "the case" means the case in which there actually is a "prosecuting attorney." And once we acknowledge that the Kinney County case is "the case" from which Article 44.01 authorizes an appeal, it is clear that only the Kinney County Attorney is a "prosecuting attorney" with a statutory right to appeal the order issued by the District Court in this case.

This interpretation of "the case" is bolstered by the fact that it also synchronizes the meaning of "the case" and "a case" as used elsewhere in the statute. Article 44.01(a)(5) permits the State to appeal an order that "grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached" and "if the prosecuting attorney certifies" that "the evidence, confession, or admission is of substantial importance in *the case*." TEX. CODE CRIM. PROC. art. 44.01(a)(5) (emphasis added). Article 44.01(b) gives the State the authority to appeal "a sentence in *a case* on the ground that the sentence is illegal." *Id.* art. 44.01(b) (emphasis added). Article 44.01(c) gives the State the authority "to appeal a ruling on a question of law if the defendant is convicted in *the case* and appeals the judgment." *Id.* art. 44.01(c) (emphasis added). Read contextually, all of these uses of the phrase "the case" or "a case" in the statute refer to the criminal prosecution itself, not to an ancillary proceeding like a pre-trial application for a writ of habeas corpus.

No provision in Article 44.01, other than 44.01(k)[3]—which, again, is not applicable here—expressly permits the State to "appeal an order granting relief to an applicant for a writ of habeas corpus[.]" TEX. CODE CRIM. PROC. art. 44.01(k). At the same time, the State only has the limited authority to appeal provided for by Article 44.01. *Pfeiffer v. State*, 363 S.W.3d 594, 599–600 (2012) ("In 1987, the State obtained a limited right to appeal certain trial-court orders and rulings when the Texas Legislature enacted Article 44.01 of the Texas Code of Criminal Procedure. The State's right to appeal was limited to the specific circumstances set forth in Article 44.01 and only as provided by the procedure set out in the statute."). And those appeals may only take place to challenge the effect of an order on "the case" that is the underlying prosecution. *See* TEX. CODE CRIM. PROC. art. 44.01.[4]

Ordinarily, the District Attorney of Travis County would have no interest in an appeal from the dismissal of a prosecution ongoing in another county, unless he had been appointed attorney *pro-tem* because

---

[3] "The state is entitled to appeal an order granting relief to an applicant for a writ of habeas corpus under Article 11.072." TEX. CODE CRIM. PROC. art. 44.01(k).

[4] The dissent points out that Article 44.01(a)(6) authorizes an appeal from an order of a court in a criminal case if the order is issued under Chapter 64 of the Code of Criminal Procedure. Dissenting Opinion at 11–12. It is true that such an order does not ordinarily issue in the course of a prosecution, but neither does Article 44.01 directly authorize an appeal generally from any adverse rulings entered in pre-trial habeas corpus proceedings. What it does permit is a State's appeal of an order that produces certain specific effects on a pending prosecution. TEX. CODE CRIM. PROC. art. 44.01(a).

the local elected prosecutor was recused or disqualified.[5] The prosecution in this case was brought in Kinney County, by Kinney County prosecutors, and if a charging instrument was dismissed, the dismissal was effective only in Kinney County, not in Travis County. The attorney "who has the primary responsibility of prosecuting cases in the court hearing *the case*" is the Kinney County Attorney, not the Travis County District Attorney. I conclude, therefore, that the Kinney County Attorney is the only attorney authorized by our law to pursue an appeal from the dismissal order in this case, and I would not approve the dismissal of Kinney County's appeal as the dissent would.

Stated another way, because the dismissal of the prosecution happened or would happen in Kinney County, the Kinney County Attorney must be the representative of the State who is permitted to take any appeal. *See* TEX. CODE CRIM. PROC. art. 44.01(a)(1) ("The state is entitled to appeal an order of a court in a criminal case if the order . . . dismisses an indictment, information, or complaint or any portion of

---

[5] Article 2A.104(b) of the Code of Criminal Procedure provides:

> If an attorney representing the state is disqualified to act in any case or proceeding, is absent from the county or district, or is otherwise unable to perform the duties of the attorney's office, or if there is no attorney representing the state, the judge of the court in which the attorney represents the state may appoint to perform the duties of the attorney's office during the attorney's absence or disqualification:
>
> (1)  an attorney representing the state from any county or district; or
>
> (2)  an assistant attorney general.

TEX. CODE CRIM. PROC. art. 2A.104(b).

an indictment, information, or complaint[.]"). In fact, and I will elaborate on this more in Part III of this opinion, it would be incumbent upon him to do so to continue his constitutionally authorized representation of the State in his own county. TEX. CONST. art. V, § 21. The Travis County District Attorney, having seen no appealable effect or result on any prosecutions pending in his own county, would have no right to represent the State on any appeal.

## III. THE TEXAS CONSTITUTION

Finally, but as a matter of ultimate importance, there is the guidance provided by our own Texas Constitution. Our state constitution places the primary responsibility to "represent the state" in our local trial courts upon locally elected attorneys. TEX. CONST. art. V, § 21. But this constitutionally established and electorally delegated responsibility of locally elected prosecutors is meaningless if it does not also entail the co-extensive authority to appear in proceedings—even those initiated and occurring in courts outside of their own home counties—to preserve their authority to represent the State according to their own lights in cases pending in the courts of their home county. Having been delegated the responsibility to represent the State in the trial courts of their own counties, these locally elected prosecutors cannot, at the same time, be expected or required to sit idly by while defendants, whom they have otherwise lawfully accused of a crime, attack their ability to prosecute, in foreign forums, where the locally elected prosecutors are not permitted to appear. Of what use then would be the constitutional authority to represent the State in their own county if the defendant in a prosecution can simply find a friendly

county, with friendly courts and friendly prosecutors, to thwart that power from a place where the locally elected prosecuting attorney cannot go? If for no other reason, our constitution's requirement that a locally elected prosecutor represent the State in the trial courts of his or her own county must also at least afford a concomitant authority for that same prosecutor to appear in a court in another county, when necessary, to defend his or her own constitutional representation mandate.

Unquestionably, Appellee attempted to invoke the jurisdiction of a Travis County district court over his habeas application to thwart his prosecution in Kinney County. While the Travis County District Attorney has his own constitutional responsibility to "represent the State" in the trial courts of Travis County, the Kinney County Attorney must also not be denied the authority to appear and represent his own county and county officials, as well as the State, even in a foreign county, when the proceedings there directly threaten his own authority to prosecute a defendant in proceedings initiated in his home county. The dissent is wrong to conclude otherwise.

## IV. CONCLUSION

The whole pursuit of this out-of-county application for habeas corpus relief was both an ill-conceived and an ill-fated adventure that should never have been attempted. Perhaps that is one of the reasons why, in a different case, on mandamus, this Court recently decided that such an enterprise could not be tolerated. *In re Smith*, 665 S.W.3d at 461. But I would not allow the unique and disturbing arrangement of facts present here to distort the answers to (1) who is the proper elected attorney responsible for all aspects of the prosecution of a criminal case,

(2) who may enter a proper appearance in court to put an errant foreign trial court on notice that it should not erroneously attempt to exercise authority to interfere with a prosecution in a different county, and (3) who may undertake any appeal that might be needed in order to rescue such a case from an arguably unauthorized or illegal dismissal order. The correct answer to each of these questions is the elected attorney who initiated, and is attempting to pursue, the prosecution of the defendant/habeas-applicant and not the prosecutor in a foreign jurisdiction where the defendant chose to file an application for habeas relief.

**FILED:**                     June 26, 2024
**PUBLISH**