**Opinion filed January 8, 2026**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00227-CR
_____

**THE STATE OF TEXAS, Appellant**

**V.**

**EDDIE DALE UNDERWOOD, Appellee**

**On Appeal from the 259th District Court**
**Jones County, Texas**
**Trial Court Cause No. 6880**

## MEMORANDUM OPINION

The State appeals the trial court's "final judgment" that dismissed Appellee Eddie Dale Underwood's criminal case upon his application for a pretrial writ of habeas corpus—filed postconviction—pursuant to Article 11.08 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.08 (West Supp. 2025) (relating to pretrial writs of habeas corpus). In a single issue, the State argues that the trial court was without jurisdiction to issue its "final judgment" dismissing

the case. Because the trial court was without jurisdiction to dismiss the case upon Underwood's Article 11.08 writ application, we must vacate the trial court's judgment.

## I. *Factual and Procedural History*

In 1992, Underwood was convicted of burglary of a building and sentenced to fifteen years' confinement. Underwood has since filed several appeals and original proceedings challenging his 1992 conviction. *See, e.g.*, *Underwood v. State*, No. 11-22-00218-CR, 2022 WL 16841712, at *1 (Tex. App.—Eastland Nov. 10, 2022, pet. ref'd) (mem. op., not designated for publication) (dismissing for want of jurisdiction Underwood's appeal of the trial court's denial of a "motion for new trial" related to the trial court's denial of Underwood's Article 11.08 application for writ of habeas corpus); *In re Underwood*, No. 11-22-00219-CR, 2022 WL 3903562, at *1 (Tex. App.—Eastland Aug. 31, 2022, orig. proceeding) (dismissing petition for writ of mandamus for want of jurisdiction wherein he asserted that the 1992 nunc pro tunc judgment was void); *Underwood v. State*, No. 08-20-00118-CR, 2020 WL 4696555, at *1 (Tex. App.—El Paso Aug. 13, 2020, pet. ref'd) (mem. op., not designated for publication) (dismissing Underwood's untimely direct appeal from the trial court's 1992 judgment for want of jurisdiction); *Ex parte Underwood*, No. 11-22-00137-CR, 2022 WL 2349700, at *1 (Tex. App.—Eastland June 30, 2022, pet. ref'd) (mem. op., not designated for publication) (dismissing for want of jurisdiction Underwood's appeal of the trial court's denial of his Article 11.08 application for writ of habeas corpus); *In re Underwood*, No. 11-22-00160-CR, 2022 WL 2349698, at *1 (Tex. App.—Eastland June 30, 2022, orig. proceeding) (denying Underwood's pro se petition for writ of mandamus requesting that we direct the trial court to vacate his 1992 conviction); *Underwood v. State*, No. 11-15-00039-CR, 2015 WL 1569927, at *1 (Tex. App.—Eastland Apr. 2, 2015, no pet.) (mem. op., not designated for publication) (dismissing for want of jurisdiction Underwood's

appeal of the trial court's denial of a motion requesting an out-of-time appeal of his 1992 conviction); *Underwood v. State*, No. 11-08-00128-CR, 2008 WL 2058548, at *1 (Tex. App.—Eastland May 15, 2008, pet. dism'd) (mem. op., not designated for publication) (dismissing for want of jurisdiction Underwood's appeal of the trial court's denial of his motion to vacate the 1992 judgment).

In early 2024, Underwood filed an application for writ of habeas corpus under Article 11.08, and the trial court held an evidentiary hearing on his application on July 10, 2024. *See* CRIM. PROC. art. 11.08. At the hearing, Underwood's counsel confirmed that the habeas relief sought was pursuant to Article 11.08, arguing:

> It's our position that [the 1992 judgment adjudicating Underwood's guilt and the 1992 judgment nunc pro tunc] are void judgments. And due to their void status, that status that you can determine under 11.08 places [Underwood], essentially, as pending trial.
>
> And so we have two arguments: One, based upon a Speedy Trial Sixth Amendment Violation and we're asking for you to dismiss. If you find those judgments to be void, we're asking for this entire case, the indictment and the motion to revoke that was filed back in '91, '92 be dismissed, or in the alternative set us for trial in which we could then file subsequent motions accordingly.

The trial court conversed with Underwood's counsel regarding his rationale for filing his application for a pretrial writ of habeas corpus postconviction:

> THE COURT: And you're saying it's an 11.08 because in essence this all was before a final conviction because the final conviction is wrong.
>
> [DEFENSE COUNSEL]: That's correct, and because those two purported judgments are void we are still -- we're technically -- we – we've been pending in a pretrial status for 31 and a half years.
>
> THE COURT: And 11.08, that's in essence what gives me the opportunity to hear this.

3

> [DEFENSE COUNSEL]: Yes, Your Honor. And what is unique about 11.08 is it's not automatically reviewed by the court in Austin [the Court of Criminal Appeals].

The State responded by reminding the trial court of the previous proceedings involving Underwood's adjudication and sentencing and the appeals and original proceedings that followed. The State requested that the trial court take judicial notice of same and admitted, among other things, the trial court's findings of fact and conclusions of law in one of Underwood's previous Article 11.07 applications for postconviction relief. *See Ex parte Underwood*, No. WR-47,385-06 (Tex. Crim. App. Dec. 14, 2011) (denied);[1] *see also* CRIM. PROC. art. 11.07 (relating to postconviction writs of habeas corpus). The State asserted that the trial court did not have jurisdiction to grant the relief sought by Underwood:

> [THE STATE]: As the Court has noted, there have been a number of writs and things filed. And I haven't reviewed all of them, Your Honor, but there seem to be maybe three 11.07 writs that were filed and another 11.08 writ that evidently might still be pending. But I believe it was maybe in 2015, but the Court can recall this, that there was an evidentiary hearing on one of the writs and there were findings of fact and conclusions of law that were entered at that point[] in time, and of course, the State requests the Court take judicial notice of those findings of fact and conclusions of law. So[,] these issues evidently have been heard before.
>
> . . . .
>
> So, Your Honor, this can't be an [Article] 11.08 writ because, number one, the judgment wasn't attacked by direct appeal; and, number two, my understanding is that [Underwood] has already served the entire sentence imposed by the Nunc Pro Tunc judgment or even the original judgment because it was 15 years. So he's already served that.[2] I mean, there can't possibl[y] be a preconviction writ. And I

---

[1]We note, out of an abundance of caution, that we cite to this decision not as authority but for contextual information related to the instant appeal and the most recent procedural vehicle used by Underwood in the proceedings below. *See* TEX. R. APP. P. 77.3.

[2]Underwood testified at the hearing that he was paroled on this charge approximately a year after he was sentenced.

believe he's filed a postconviction writ, as I've stated before, that he's filed three of those.

So they tried the postconviction. Didn't work. And now they're trying this one as if the original charges or original indictment is still pending. . . . But he wasn't pending trial on the original indictment -- or the judgment wasn't -- it was for the revocation of the deferred adjudication. That was the sentence based on the revocation. And he says, well, the Court can determine whether he's been convicted or not convicted. How could it be possible for the Court now to say, well, no, he's not convicted? He didn't attack the original sentence. He didn't attack the Nunc Pro Tunc. He didn't -- he served all of his sentence under either one minus the SAFPF. I don't know how the Court can find now he's not convicted.

And so, ultimately, Your Honor, we believe it's the wrong writ. So the Court doesn't have jurisdiction to grant any relief, and that the relief or the remedy that [Underwood] is asking for is just an impossible remedy.

The trial court took the matter under advisement and subsequently issued a letter addressed to the parties, which read in relevant part: "The Court orders the December 14, 1992, Judgment Nunc Pro Tunc and October 1, 1992, Judgment be vacated. The Court hereby dismisses and closes the cause in its entirety. [Underwood's Counsel] shall prepare said order. Thank you for your attention in this regard."

The State filed its notice of appeal twenty days later, on August 7, 2024, and on August 14, 2024, the trial court signed a written "Final Judgment of Dismissal with Prejudice," dismissing Underwood's 1992 case with prejudice.

## II. *Notice of Appeal*

At the outset, we address Underwood's claims that the State's notice of appeal was untimely filed and that the State is without authority to appeal the trial court's judgment.

5

Pursuant to the Texas Rules of Appellate Procedure, a notice of appeal by the State "must be filed within 20 days after the day the trial court enters the order, ruling, or sentence to be appealed." TEX. R. APP. P. 26.2(b). In a criminal case, a party may file a premature notice of appeal from the trial court's anticipated order or judgment, which "is effective and deemed filed on the same day, but after . . . the appealable order is signed by the trial court." TEX. R. APP. P. 27.1(b); *State v. Wachtendorf*, 475 S.W.3d 895, 904 (Tex. Crim. App. 2015) (plurality opinion).

"While a late notice of appeal fails to invoke the jurisdiction of a court of appeals, an early notice of appeal may be considered timely under certain circumstances." *Smith v. State*, 559 S.W.3d 527, 531 (Tex. Crim. App. 2018). Such circumstances include a State's notice of appeal that is filed between the trial court's oral pronouncement at a habeas hearing and its signed order granting relief. *Smith*, 559 S.W.3d at 532 (citing *Ex parte Crenshaw*, 25 S.W.3d 761, 764 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd)). While the trial court in this case did not make an oral pronouncement, its letter to the parties acted similarly and notified the State of its ruling, and further action contemplated by the trial court (i.e., a written order or, in this case, a judgment). The State's notice of appeal, while premature, was therefore effective and deemed filed on the same day, but after, the trial court's judgment dismissing the case. TEX. R. APP. P. 27.1(b); *see, e.g.*, *Wachtendorf*, 475 S.W.3d at 903–04 (noting that the State could have filed its notice of appeal pursuant to Rule 27.1(b) at any time after the trial court announced its intention to grant the defendant's motion "or even after the trial court first took the motion under advisement" and the notice, though premature, would have been effective).

Underwood additionally challenges the State's right to appeal under Article 44.01. *See* CRIM. PROC. art. 44.01. "The State's right to appeal is statutory and is limited to the provisions set out in Article 44.01 of the Code of Criminal Procedure." *State v. Villa*, 707 S.W.3d 263, 269 (Tex. Crim. App. 2024). The State

"is entitled to appeal an order of a court in a criminal case if the order" dismisses an indictment or grants a new trial. CRIM. PROC. art. 44.01(a)(1), (3). The Texas Court of Criminal Appeals has repeatedly held that the State may appeal where a trial court's order—as it did here—grants an application for writ of habeas corpus, effectively terminating proceedings. *See State v. Young*, 810 S.W.2d 221, 223 (Tex. Crim. App. 1991) ("Even if the trial court in these cases before us had failed to order 'dismissal' of the indictments pending against appellees and had merely granted relief on the applications for writ of habeas corpus we would still find such to be appealable orders."); *see also State v. Garcia*, 638 S.W.3d 679, 681 (Tex. Crim. App. 2022) (holding that the State could appeal a trial court's order granting habeas corpus relief under Article 11.09 and vacating the judgment); *Alvarez v. Eighth Court of Appeals of Tex.*, 977 S.W.2d 590, 593 (Tex. Crim. App. 1998) ("We hold that if the granting of relief by a habeas corpus court results in one of the enumerated situations within Art. 44.01(a), the State may appeal regardless of what label is used to denominate the proceeding which results in the order being entered."). Accordingly, the State is entitled to appeal the trial court's judgment in this cause.

### III. *Jurisdiction*

Having determined that the State's prematurely filed notice of appeal did not divest us of jurisdiction, we must now address the jurisdiction of the trial court to have issued its habeas ruling and address our own jurisdiction to review that habeas ruling on appeal. For reasons explained below, we conclude that our jurisdiction permits us, at a minimum, to hold that the trial court was without jurisdiction to grant Underwood his requested habeas corpus relief.

"A court always has jurisdiction to determine whether it has jurisdiction." *Skinner v. State*, 484 S.W.3d 434, 437 (Tex. Crim. App. 2016) (citing *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996)). An appellate court may also address the propriety of a lower court's exercise of jurisdiction. *See Ex parte Schmidt*, 109

S.W.3d 480, 482 (Tex. Crim. App. 2003) (holding that appellate court at least had jurisdiction over the issue of the trial court's jurisdiction).

"The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty." CRIM. PROC. art. 11.01 (West 2015). Article 11.08 provides for habeas relief for an individual who is confined after indictment on a felony charge "but not yet finally convicted." *Ward v. State*, 662 S.W.3d 415, 416 (Tex. Crim. App. 2020) (citing CRIM. PROC. art. 11.08). As we informed Underwood in 2022, "[a]n individual who has been finally convicted of a felony and sentenced to imprisonment *may not seek habeas relief under Article 11.08*; he must instead file an Article 11.07 writ application." *Underwood*, 2022 WL 2349700, at *1 (emphasis added); *see* CRIM. PROC. arts. 11.07, 11.08; *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding) (Article 11.07 is the exclusive means for a defendant to challenge a final felony conviction.).

"[O]nly the Court of Criminal Appeals possesses the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction." *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) ("We [the Texas Court of Criminal Appeals] are the only court with jurisdiction in final post-conviction felony proceedings."); *see* CRIM. PROC. art. 11.07, §§ 3, 5.

The documents on file in this appeal show that the trial court, after initially placing Underwood on deferred adjudication community supervision, adjudicated his guilt and assessed his punishment at imprisonment for fifteen years. Underwood thereafter filed an application for writ of habeas corpus under Article 11.08 in 2021, which was denied. *See Underwood*, 2022 WL 2349700, at *1. In an appeal to this court, we explained that Underwood, having been finally convicted of a felony and

sentenced to imprisonment, could not seek habeas relief under Article 11.08, and we dismissed his appeal for want of jurisdiction. *Id.* at *2. Two years later, Underwood filed the instant application for writ of habeas corpus under Article 11.08, and the trial court granted him relief upon this application. We hold once more that habeas relief under Article 11.08 is inappropriate in this matter, as Underwood remains finally convicted of a felony. *See* CRIM. PROC. arts. 11.07, 11.08; *Underwood*, 2022 WL 2349700, at *2. Therefore, the trial court was without jurisdiction to entertain Underwood's application for a *pretrial* writ of habeas corpus pursuant to Article 11.08. *See Kniatt v. State*, 206 S.W.3d 657, 663–64 (Tex. Crim. App. 2006) ("[T]he jurisdiction of a court to consider an application for writ of habeas corpus is determined at the time the application is filed."); *see also, e.g.*, *State v. Valdes*, No. 01-01-00095-CR, 2001 WL 1137622, at *2 (Tex. App.—Houston [1st Dist.] Sept. 27, 2001, no pet.) (mem. op., not designated for publication) (concluding the trial court improperly granted habeas corpus relief under Article 11.08 when appellee's exclusive remedy was habeas relief under Article 11.07).

With jurisdiction over this appeal only to determine whether the trial court possessed habeas corpus jurisdiction, *see Ex parte Schmidt*, 109 S.W.3d at 482, we conclude that, under these facts and circumstances, the trial court had no jurisdiction to grant Underwood's Article 11.08 application because Underwood had been finally convicted of the felony offense. *See Padieu*, 392 S.W.3d at 117; *see also Steele v. State*, No. 02-15-00328-CR, 2016 WL 6648752, at *1–2 (Tex. App.— Fort Worth Nov. 10, 2016, no pet.) (mem. op., not designated for publication) ("Because we only have jurisdiction over this appeal to determine whether the trial court's order was void, we conclude and hold that the trial court had no jurisdiction to hear an [Article] 11.08 application in a case where the [a]ppellant has been given community supervision."). We sustain the State's sole issue.

In this matter, the trial court's judgment is void. Accordingly, we vacate the trial court's August 14, 2024 judgment dismissing Underwood's criminal case with prejudice, thereby reinstating his criminal case to its status prior to its August 14, 2024 judgment, and we dismiss Underwood's pretrial writ application filed pursuant to Article 11.08 of the Texas Code of Criminal Procedure. *See* TEX. R. APP. P. 43.2(e); *Steele*, 2016 WL 6648752, at *2.

W. BRUCE WILLIAMS

JUSTICE

January 8, 2026

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.