

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0948-17

**THE STATE OF TEXAS**

**v.**

**CRISPEN HANSON, Appellee**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE EIGHTH COURT OF APPEALS
### EL PASO COUNTY

HERVEY, J., delivered the opinion of the Court in which KEASLER, ALCALA, RICHARDSON, YEARY, NEWELL, KEEL, and WALKER, JJ., joined. KELLER, P.J., concurred.

## O P I N I O N

A trial court entered two orders granting shock probation. The orders were identical except that the second order was styled an "Amended Order," it contained additional findings of fact, and it was signed at a later time. Both orders suspended further implementation of Appellee's (Crispen Hanson) prison sentence and placed him on probation. The State appealed from the second order, and the court of appeals dismissed

the appeal for want of jurisdiction, concluding that only the first order granting shock probation was appealable. The issue is whether the court of appeals erred when it decided that the second order was not an appealable order. Because we conclude that it is an appealable order under Article 44.01(a)(2) of the Code of Criminal Procedure, we reverse the judgment of the court of appeals and remand the cause for the court of appeals to consider the merits of the State's appeal.

**FACTS**

The trial court signed an order on June 15, 2015 granting shock probation. When the trial court signed the order, it also signed an amended judgment and imposed conditions of probation. On June 25, 2015, the trial court signed an "Amended Order." There were slight variations in the order. The style was different, additional findings of fact[1] were added, and it was signed on June 25, 2015. Both orders suspended execution of Hanson's prison sentence and placed him on probation. The State filed a notice of appeal from the amended order[2] on July 13, 2015, eighteen days after the trial court signed the order.

---

[1]The additional findings of fact include that (1) the trial court accounted for Hanson's general compliance with his bond conditions; (2) the trial court asserted that Hanson's previous release was due to medical reasons; (3) the trial court reasoned that Hanson had produced evidence that he "maintains a good relationship with his children and is in compliance with all legal support obligations" and that further incarceration would not only hinder Hanson's efforts to seek additional medical testing for himself and his children, but would also create an undue hardship on Hanson, his children, and his parents; and (5) the trial court concluded that Hanson would not benefit from further incarceration.

[2]The State did not appeal the trial court's first order granting shock probation.

## THE COURT OF APPEALS

The court of appeals dismissed the appeal for want of jurisdiction. *State v. Hanson*, No. 08-15-00205-CR, 2017 WL 3167484, at *1 (Tex. App.—El Paso July 26, 2017) (not designated for publication). According to the court of appeals, "[w]hile the trial court signed an amended order on June 25, 2015 for the ostensible purpose of adding additional findings of fact, the amended order did not include any substantive changes to the initial order placing Hanson on community supervision for eight years." *Id.* at *2. Based on this and because the trial court contemporaneously signed orders establishing the terms and conditions of Hanson's probation and signed an amended judgment relating only to the first order granting shock probation, the court concluded that the "Amended Order" was not an appealable order. *Id.* at *3.

## ARGUMENTS

Hanson argues that we should adopt the reasoning of the court of appeals. The State makes two arguments for reversing the judgment of the court of appeals. It first argues that the amended order granting shock probation is appealable based on the plain language of Article 44.01 in that the amended order was an (1) "order"[3] and (2) it "modifie[d] a judgment."[4] Alternatively, it argues that we should adopt a civil line of

---

[3]The State is entitled to appeal an "order" of a court in a criminal cases for specified reasons. TEX. CODE CRIM. PROC. art. 44.01(a).

[4]The State can appeal when a trial court signs an order that "modifies a judgment." TEX. CODE CRIM. PROC. art. 44.01(a)(2).

cases, *see SLT Dealer Group, Ltd. v. AmeriCredit Financial Services*, *Inc.*, 336 S.W.3d 822, 831–32 (Tex. App.—Houston [1st Dist.] 2011, no pet.), which have held that a second order is treated as a modified or reformed judgment that implicitly vacates and supersedes the prior judgment, unless the record evinces a contrary intent. *Id.*; *see* TEX. R. CIV. P. 301, 306a, 329b(e). Here, the State asserts, the record does not show a contrary intent, so the "Amended Order" vacated the first and was, thus, appealable. *SLT Dealer Group, Ltd.*, 226 S.W.3d at 831–32; *see City of Westlake Hills v. State ex rel. City of Austin*, 466 S.W.2d 722, 726–27 (Tex. 1971).

## ANALYSIS

We agree with the court of appeals (and Hanson) that the body of law developed by civil courts is inapplicable because this case deals with construing a statute, not judicial precedent or construction of the Texas Rules of Civil Procedure. *Hanson*, 2017 WL 3167484, at *2. However, for the reasons that follow, we ultimately agree with the State that the "Amended Order" was an appealable order.

The court of appeals erred when it decided that the second order did not "modify a judgment" under Article 44.01 because there was no substantive difference between the orders. It also erred in reaching that conclusion by reasoning that the "Amended Order" did not "modify a judgment" because the trial judge did not contemporaneously revise or impose conditions of probation or sign a second amended judgment.

The statute at issue, Article 44.01(a)(2) of the Texas Code of Criminal Procedure,

states in relevant part that "[t]he [S]tate is entitled to appeal an order of a court in a criminal case if the order . . . arrests or modifies a judgment." TEX. CODE CRIM. PROC. art. 44.01(a)(2). Construing that statute, we have held that the State may appeal an order granting shock probation because that order "modifies a judgment" under Article 44.01(a)(2). *State v. Robinson*, 498 S.W.3d 914, 919 (Tex. Crim. App. 2016). An order modifying a judgment is "entered by the court" when the trial judge signs the order, *State v. Rosenbaum*, 818 S.W.2d 398, 403 (Tex. Crim. App. 1991), and the State has twenty days to file its notice of appeal after an appealable order is "entered by the court." TEX. CODE CRIM. PROC. art. 44.01(d); *see* TEX. R. APP. P. 26.2(b).

The issue here is whether the "Amended Order" granting shock probation "modifies a judgment" within the meaning of Article 44.01(a)(2). Under these circumstances, we conclude that it does. As the court of appeals concedes, there are differences between the original order granting shock probation and the second order. Those differences are sufficient to conclude that the second order modified a judgment within the meaning of Article 44.01(a)(2). We are not confronted with a situation in which the amended order is identical to the original order, but for a signature signed at a later date or one in which the amended order has no independent legal significance,[5] both

---

[5]*See e.g.*, *State v. Antonelli*, No. 958-01, slip op. at 1 (Tex. Crim. App. Sept. 11, 2002) (not designated for publication). In *Antonelli*, the trial court granted a motion to quash in a signed order and later issued an "Amended Order" in which it explained only why it granted the motion to quash. *Id.* at 3. We held that the "Amended Order" was not an appealable order because it was not actually an order. That is, it ordered nothing, and it could not stand on its own (i.e., it had no legal significance independent from the original order granting the motion to quash). *Id.* at 4. We

of which might require a different result. Consequently, under the facts of this case, the trial court's amended order granting shock probation was appealable, and because the State filed a timely notice of appeal regarding that order, the court of appeals has jurisdiction to hear the appeal, and it erred to conclude otherwise.

## CONCLUSION

We reverse the judgment of the court of appeals and remand the cause for the court of appeals to consider the merits of the State's appeal.

Delivered: June 27, 2018

Publish

---

do not cite *Antonelli* for precedential value, nor should this opinion be construed to adopt the Court's reasoning in that case. We discuss *Antonelli* for only illustrative purposes.