

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0159-22

**Ex parte JESUS ALBERTO GUZMAN CURIPOMA, Appellee**

### ON PETITION FROM THE KINNEY COUNTY ATTORNEY
### AND ON COURT'S OWN MOTION FOR DISCRETIONARY REVIEW
### FROM THE THIRD COURT OF APPEALS
### TRAVIS COUNTY

**KELLER, P.J., filed a dissenting opinion in which HERVEY and KEEL, JJ., joined.**

### DISSENTING OPINION

The Court remands this case for reconsideration in light of our decision in *In re Smith*.[1] I would instead affirm the judgment of the court of appeals dismissing this appeal for lack of jurisdiction. I respectfully dissent.

### I. BACKGROUND

#### A. Trial

Appellee was arrested in Kinney County for misdemeanor trespass, and he was released on

---

[1] 665 S.W.3d 449 (Tex. Crim. App. 2022).

bond pending a trial. He filed a habeas application in a district court in Travis County challenging his restraint arising from the trespass charge. The Travis County District Attorney filed a response that recommended granting relief. The Kinney County Attorney appeared through counsel and argued that the Kinney County Attorney's Office is the proper representative of the State in the habeas action. The trial court disagreed but allowed the Kinney County Attorney to make a bill of exception. Ultimately, the trial court granted Appellee relief and dismissed the trespass case. The Kinney County Attorney filed a notice of appeal, and the Travis County District Attorney then filed a motion to dismiss the appeal.

### B. Appeal

The court of appeals first held that Appellee's habeas action was properly filed in the Travis County District Court.[2] The court of appeals further held that the Travis County District Attorney was "the proper representative of the State in the Travis County habeas proceedings."[3] The court of appeals then held that the Kinney County Attorney could not take a different position on appeal than the State did in the habeas proceedings before the trial court.[4] Granting the Travis County District Attorney's motion, the court of appeals dismissed the appeal.[5]

### C. Discretionary Review

---

[2] *State v. Curipoma*, 652 S.W.3d 74, 77-78 (Tex. App.—Austin 2022).

[3] *Id.* at 78-79.

[4] *Id.* at 79-80.

[5] *Id.* at 80.

The Kinney County Attorney filed a petition for discretionary review in this Court.[6] We granted that petition, and we also granted two grounds on our own motion. The Kinney County Attorney, the Travis County District Attorney, and Appellee have filed briefs, and the State Prosecuting Attorney has submitted an amicus brief. The Kinney County Attorney argues that the court of appeals erred in holding that the Travis County District Court had the authority to decide the merits of the habeas action. And in essence, the Kinney County Attorney argues that, because the case should not even have been in Travis County, the Travis County District Attorney lacks the authority to represent the State. The Travis County District Attorney argues the opposite on both points, contending that the court of appeals was correct both in saying that the Travis County District Court had authority to resolve the case and that the Travis County District Attorney was the proper representative. The State Prosecuting Attorney (SPA) contends that there is no proper representative of the State in this case. The SPA agrees with the Kinney County Attorney that the case is not properly in Travis County but also argues that the Kinney County Attorney has no authority to file an appeal from a Travis County judgment. Appellee contends that the Kinney County Attorney waived his claims but otherwise takes no position on the issues before us.

## II. ANALYSIS

### A. Standards of Construction

This opinion construes court rules as well as statutes. In construing statutes, we are constrained by the standard articulated in *Boykin v. State*: we give effect to the plain meaning of the statutory text unless the text is ambiguous or the plain meaning leads to absurd results that the

---

[6] The ground in its petition states: "The Court of Appeals Erred by Basing its Opinion on the Holdings of the Habeas Court Without Determining Whether Such Holdings Were correct."

legislature could not have possibly intended.[7]  The *Boykin* textual standard does not apply to the interpretation of court rules, where factors beyond the text may be considered, but the text is a good place to begin.[8]

## B. Discretionary Review Jurisdiction

One of the issues we granted on our own motion was "whether the Kinney County Attorney was authorized to file a petition for discretionary review."  Under Rule 68.1, we may grant review on a petition by any "party" from a court of appeals's decision.[9]  The State is a party in this case, so the question becomes who has the authority to represent the State in filing a PDR.

The State Prosecuting Attorney shall "represent the state in all proceedings before" the Court of Criminal Appeals.[10]  The SPA "has *primary* authority to represent the State in this Court,"[11] which includes filing a PDR.[12]  The SPA could have filed a PDR in this case, but it did not.

Government Code § 42.005(b) provides that a "district or county attorney may *assist* the state prosecuting attorney in representing the state before the court of criminal appeals."[13]  Subsection (a) of § 42.005 also allows the state prosecuting attorney to "assist a district or a county attorney in representing the state before a court of appeals if requested to do so by the district or county

---

[7] *Delarosa v. State*, 677 S.W.3d 668, 674 (Tex. Crim. App. 2023); *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

[8] *Smith v. State*, 559 S.W.3d 527, 531 (Tex. Crim. App. 2018).

[9] TEX. R. APP. P. 68.1.

[10] TEX. GOV'T CODE § 42.001.

[11] *Saldano v. State*, 70 S.W.3d 873, 877 (Tex. Crim. App. 2002) (emphasis added).

[12] *Ex parte Taylor*, 36 S.W.3d 883, 887 (Tex. Crim. App. 2001).

[13] TEX. GOV'T CODE § 42.005(b) (emphasis added).

attorney."[14]  Read together, both subsections of § 42.005 seem to be referring to the same "district or county attorney"—the one who had authority to represent the State in the court of appeals.  This conclusion is reinforced by the fact that the local prosecuting attorney can participate in–"assist" in– a case before this Court without the SPA first asking him to.[15]  One would expect unrequested assistance to come from the prosecutorial office involved in the appeal.  Rule 68.1's reference to a "party" filing a PDR supports this expectation because one would naturally look to the proceedings below for the appropriate entity representing the State on appeal.  We have tacitly recognized that a local district or county attorney can assist the SPA by filing a PDR on its own, as long as the SPA does not also file a PDR.[16]  So, the SPA has primary authority to file a PDR, but if it does not exercise that authority, the prosecuting entity that had authority to file the appeal in the court of appeals may file a PDR.  Here, the SPA did not file a PDR, so whether the Kinney County Attorney had authority to file a PDR depends on whether he had the authority to file a notice of appeal in the court of appeals.  Because I ultimately conclude that the Kinney County Attorney was not authorized to file a notice of appeal, I necessarily conclude that he was not authorized to file a PDR.

---

[14]  *Id.* § 42.005(a).  Although this subsection seems to require a request for the SPA to get involved, § 42.001 also confers upon the SPA the right to intervene in a court of appeals on its own.  *Id.* § 42.001(a) ("The state prosecuting attorney may also represent the state in any stage of a criminal case before a state court of appeals if he considers it necessary for the interest of the state.").

[15]  *See id.* § 42.005(b).

[16]  *Taylor*, 36 S.W.3d at 887 ("The District Attorney does not, and cannot, point to any considered decision by this Court since 1981 allowing both the state prosecuting attorney and the local prosecutor to seek review in this Court. . . . The state prosecuting attorney has a statewide view that a local prosecutor may not have, and this doubtless explains the legislature's choice to give the state prosecuting attorney the primary authority in this court . . . In this case the State Prosecuting Attorney has exercised his authority to represent the State in this proceeding by filing a petition for discretionary review, and it is the State's petition in this case.").

But that conclusion would not defeat our discretionary review jurisdiction. This Court has the power to grant review without a petition.[17] And we can do so "at any time before the mandate of the court of appeals issues."[18] The mandate has not issued, so our grant of review was timely.

The duty of the court of appeals to issue mandate is suspended when a "timely . . . petition for discretionary review has been filed."[19] The Kinney County Attorney timely filed a PDR. It makes no difference whether he was authorized to do so. This Court can dismiss a PDR if it determines that it was filed by someone unauthorized to do so. Until or unless that happens, the pendency of a PDR prevents the court of appeals clerk from issuing mandate.[20] And granting review of issues on our own also suspends the mandate requirement.[21]

We have already granted review of two issues on our own. And though I conclude that the Kinney County Attorney did not have the authority to file a PDR, we can accept an unauthorized PDR as an amicus brief.[22]

### C. Appellate Jurisdiction

Unlike this Court, a court of appeals cannot grant review of a case on its own motion. To

---

[17] TEX. R. APP. P. 66.1.

[18] *Id.* 67.1.

[19] *Id.* 18.1(a)(1)(A).

[20] In at least one context, we allow a party to suggest that we act on our own motion—to reconsider a denial of relief in a habeas action. *Ex parte Robertson*, 603 S.W.3d 427, 428 (Tex. Crim. App. 2020). A PDR filed by someone who does not in fact have the authority to file one could be construed as a suggestion that we grant review on our own motion. In fact, the Kinney County Attorney filed an explicit suggestion that we grant review on our own motion before it filed a PDR.

[21] TEX. R. APP. P 18.1(a)(1)(C).

[22] *Taylor*, 36 S.W.3d at 887.

invoke a court of appeals's jurisdiction, a party must file a timely notice of appeal.[23] And when the notice of appeal is filed by the State, the person purporting to represent the State must be authorized to file it.[24] In *State v. Muller*, we held that an assistant district attorney could not file a notice of appeal on behalf of the State without express authorization from the elected district attorney to file the specific notice of appeal.[25] We further held that a defect in a notice of appeal caused by a failure to obtain express authorization could not be cured after the time for filing the notice of appeal had elapsed.[26] The failure of the proper representative of the State to timely file the notice of appeal deprived the court of appeals of jurisdiction to hear the merits of the appeal.[27]

*Muller* construed language in the statute that generally authorizes State appeals, more specifically Article 44.01(d) and (i).[28] *Muller*'s construction of Article 44.01 controls in the present case because the State's ability to appeal in a habeas case is entirely dependent on the right to appeal conferred by Article 44.01.[29]

Article 44.01(d) provides:

---

[23] *Smith v. State*, 559 S.W.3d 527, 531 (Tex. Crim. App. 2018); *Guthrie-Nail v. State*, 543 S.W.3d 225, 226 (Tex. Crim. App. 2018). *See also State v. Hanson*, 555 S.W.3d 578, 581 (Tex. Crim. App. 2018) ("because the State filed a timely notice of appeal regarding that order, the court of appeals has jurisdiction to hear the appeal").

[24] *State v. Muller*, 829 S.W.2d 805, 810-13 (Tex. Crim. App. 1992).

[25] *Id.* at 812.

[26] *Id.*

[27] *Id.* at 812-13.

[28] *Id.* at 810, 811 n.7 (discussing TEX. CODE CRIM. PROC. 44.01(d) and (i)).

[29] *State v. Garcia*, 638 S.W.3d 679 (Tex. Crim. App. 2022) (State can appeal habeas relief when the relief literally satisfies the conditions for appeal authorized by Art. 44.01).

> The prosecuting attorney may not make an appeal under Subsection (a) or (b) of this article later than the 20th day after the date on which the order, ruling, or sentence to be appealed is entered by the court.[30]

The Court construed the language in (d) to limit not only the time in which an appeal can be taken, but who may take a State's appeal: the "prosecuting attorney."[31] Article 44.01(i) defines "prosecuting attorney" as follows:

> the county attorney, district attorney, or criminal district attorney *who has the primary responsibility of prosecuting cases in the court hearing the case* and does not include an assistant prosecuting attorney.[32]

*Muller* addressed the part of the definition that makes only the elected prosecutor, not any assistants, the "prosecuting attorney" for the purpose of filing a notice of appeal.[33] The present case involves another part of the definition in subsection (i)—the part that defines the "prosecuting attorney" as the one "who has the primary responsibility of prosecuting cases in the court hearing the case."

Under Article 2.01, "Each district attorney shall represent the State in all criminal cases in the district courts of his district and in appeals therefrom."[34] Not only does this statute explicitly

---

[30] TEX. CODE CRIM. PROC. art. 44.01(d).

[31] *Muller*, 829 S.W.2d at 810.

[32] TEX. CODE CRIM. PROC. art. 44.01(i) (emphasis added).

[33] *See Muller*, 829 S.W.2d at 810.

[34] TEX. CODE CRIM. PROC. art. 2.01. The Travis County District Attorney also cites a portion of Art. 2.01 that confers broader authority on the district attorney to represent the State in habeas proceedings arising in the district regardless of whether those proceedings are in district court: "When any criminal proceeding is had . . . before a judge upon habeas corpus, and he is notified of the same, and is at the time within his district, he shall represent the State therein." *Id. See Alvarez v. Eighth Court of Appeals*, 977 S.W.2d 590, 593 (Tex. Crim. App. 1998) (habeas action that invalidated a municipal prosecution of a municipal ordinance). Because the current habeas action was in district court, reliance on the habeas part of Art. 2.01 is unnecessary.

confer the right to appeal on the district attorney for criminal cases in the district court of his district, but it also makes the district attorney the "prosecuting attorney" for those cases under the definition found in Article 44.01. The appeal in the present case is from a habeas action in Travis County District Court, so the Travis County District Attorney was the "prosecuting attorney" with the sole authority to represent the State on appeal. County Attorneys have some appellate authority under Article 2.02,[35] but that provision does not help the Kinney County Attorney here. Under Article 2.02, the County Attorney "shall represent the State in cases he has prosecuted which are appealed."[36] But while the County Attorney may properly be said to be prosecuting the underlying trespass case, this habeas action, though related to the trespass case, is a separate action from that case.[37] I conclude that the Kinney County Attorney had no authority to represent the State in an appeal from Appellee's habeas action, and so the Kinney County Attorney's notice of appeal was ineffective.

Before an appellate court can exert any power at all over the trial court, its appellate jurisdiction has to have been properly invoked by a valid and timely notice of appeal.[38] Because the court of appeals's jurisdiction was not properly invoked, that court was correct to dismiss the appeal. And because jurisdiction is a threshold issue, I would affirm the court of appeals's ultimately correct resolution of the matter rather than remand for it to correct a mistake in legal reasoning that does not

---

[35] TEX. CODE CRIM. PROC. art. 2.02.

[36] *Id.*

[37] *See Cont'l Heritage Ins. Co. v. State*, 683 S.W.3d 407, 416 (Tex. Crim. App. 2024) ("A habeas corpus action is related to a criminal proceeding being attacked but is nevertheless considered to be a separate action.").

[38] *Woods v. State*, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002).

affect whether its jurisdiction was properly invoked.

## D. Response to the Concurrences

In a concurring opinion, Judge Yeary focuses on the meaning of the words "the case" in the definition of "prosecuting attorney." The concurrence contends that the words "the case," in Article 44.01(i), must mean the criminal prosecution because Article 11.01 talks about the entity holding the habeas applicant under custody or restraint and because the Kinney County Attorney is the entity that is charged with prosecuting the habeas applicant. The concurrence suggests that local authorities in Kinney County, not "the State of Texas *per se,*" are the proper parties. The concurrence also contends that its view is consistent with a few of the subsections in Article 44.01(a) that address situations that can occur only in criminal prosecutions, such as a ruling on a motion to suppress.[39]

But Article 11.02, titled "To Whom Directed," says, "The writ runs in the name of 'The State of Texas.'"[40] Although Articles 11.01 and 11.02 require that the writ be directed and addressed to the entity holding the habeas applicant in custody to enable that entity to produce the applicant,[41] that entity is never the prosecuting attorney, and under the plain language of Article 44.01, such an entity, (e.g., a local sheriff) has not been given authority to file a notice of appeal. Because the writ runs in the name of the "State of Texas," it is the State that is charged with litigating the writ and pursuing any appeal. And under Article 44.01, only the "prosecuting attorney," as defined by Article 44.01, can file a notice of appeal as the State's representative. Under the plain language of Article 44.01(i), that is the district attorney, county attorney, or criminal district attorney with the primary

---

[39] *See* TEX. CODE CRIM. PROC. art. 44.01(a)(5), (b), (c).

[40] TEX. CODE CRIM. PROC. art. 11.02.

[41] *Id.* arts. 11.01, 11.02.

responsibility of prosecuting cases in the court hearing the case being appealed—here, the Travis County District Attorney.

The concurrence's proposed construction varies from a plain reading of Article 44.01(i) and creates an inconsistency in how the word "court" is used in Article 44.01. Under Subsection (i), the "prosecuting attorney" is defined as having the primary responsibility of prosecuting cases "in the *court hearing* the case."[42] The plain import of the "hearing" language is to refer to the court hearing and deciding the case being appealed—which in this case is the Travis County District Court, in which the Travis County District attorney has the primary responsibility of prosecuting cases. Moreover, Subsection (a), which is also at issue here, provides for an appeal, under certain enumerated circumstances, of "an order of a *court* in a criminal case."[43] It is evident from reading these provisions of Article 44.01, that the "court" in both of these subsections is the same court. That is, the "court" that issues the order that is being appealed is also the "court" hearing the case. But the concurrence's construction would require that we read the word "court" in these two subsections to refer to different courts (in this case, the Travis County district court and the Kinney County court) *in the same appeal.* The concurrence would hold that the court that issues the order is not the court that hears the case—a construction at odds with the plain reading of the statute.

Further, one subsection of Article 44.01(a) addresses a situation that does not occur in a criminal prosecution (Chapter 64 motions),[44] and other subsections address situations that do not

---

[42] TEX. CODE CRIM. PROC. art. 44.01(i) (emphasis added).

[43] *Id.* art. 44.01(a) (emphasis added).

[44] *See id.* art. 44.01(a)(6); *Skinner v. State*, 305 S.W.3d 593, 594 (Tex. Crim. App. 2010) (Because a Chapter 64 proceeding is filed after a conviction becomes final, a "criminal action" arising from the criminal prosecution "no longer exists.").

have to occur in criminal prosecutions.[45] A construction of the words "the case" to refer broadly to any type of criminal case—including criminal prosecutions, habeas proceedings, and Chapter 64 proceedings—is entirely consistent.[46]

Judge Yeary's concurrence also says that we should not allow the disturbing arrangement of the facts in this case to distort our answers to the issues before us. I agree with that sentiment, which is why I think we must give effect to the language of Article 44.01. The concurrence complains that prosecutors should not be hamstrung from being able to protect their criminal prosecutions from interference in foreign forums. But the concurrence acknowledges that that concern underlies our recent holding in *Smith*,[47] and *Smith* points to a solution: a writ of mandamus or prohibition to compel a foreign trial court to dismiss a habeas action that should not be before it. In *Smith*, the action was a writ of prohibition because the merits of the habeas action had not been decided, but mandamus is a vehicle that can be used to undo an action performed if the trial court acts beyond the clear scope of its lawful authority.[48] The concurrence contends that *Smith* might still allow the filing of a habeas application in a foreign court in an unusual situation. The extraordinarily slight possibility that such an unusual circumstance might occur in the future is no reason to contravene the plain language of Article 44.01, and in any event, the Legislature appears to have eliminated that

---

[45] *See id.* art. 44.01(a)(1)-(4); *Alvarez*, 977 S.W.2d at 593 ("[T]he types of orders described in Art. 44.01(a) do not limit the State's appeal to orders entered by a court exercising original jurisdiction," even though those types of orders are "typically" entered by such courts.).

[46] It also matches the language "criminal case" found in Art. 44.01(a).

[47] *In re Smith*, 665 S.W.3d 449 (Tex. Crim. App. 2022).

[48] *In re State ex rel. Wice*, 668 S.W.3d 662, 671 (Tex. Crim. App. 2023).

possibility in a recent amendment to Article 11.06.[49]

Judge Slaughter's concurring opinion says an appellate court could dismiss the appeal but declare the Travis County District Court's order void. But, as I explained earlier, for an appellate court to be able to exert any power at all over the trial court, its appellate jurisdiction has to have been properly invoked by a valid and timely notice of appeal. Otherwise, all it can do is dismiss the appeal; it can do nothing else. None of the cases relied on by the concurrence show otherwise. In fact, *State v. Rodriguez-Gomez*, one of the cases relied upon by the concurrence, makes that very point.[50] The court there addressed two appeals, holding that the State's notice of appeal was timely in one but not the other.[51] For the appeal where the notice of appeal was untimely, the court of appeals held it had no choice but to dismiss the appeal and do nothing else,[52] but for the appeal with

---

[49] After amendment in 2023, Article 11.06 now reads in pertinent part:

(a) If the applicant has not been formally charged by indictment or information, the writ must be made returnable to the county in which:

(1) the applicant is confined to the custody of the sheriff or other authority;

(2) the applicant is alleged, by any means including the issuance of a warrant for the applicant's arrest or the applicant's arrest pursuant to Chapter 14, to have committed a criminal offense that provides the basis for the restraint from which the application seeks relief; or

(3) if neither Subdivision (1) nor (2) applies, the action imposing a restraint on the applicant's liberty occurred.

TEX. CODE CRIM. PROC. art. 11.06(a).

[50] ___ S.W.3d ___, 2024 WL 590425, (Tex. App.—San Antonio February 14, 2024).

[51] *Id.* at *2-3.

[52] *Id.* at *2-3 ("Accordingly, to the extent the State attempts to appeal from the district court's order in the habeas proceeding, we conclude that the State failed to invoke our jurisdiction

the timely notice, the court of appeals held it had jurisdiction to further consider whether the trial-level court had jurisdiction.[53]

Judge Slaughter's concurrence says that the statutes conferring prosecutorial authority to appeal do not directly apply to a situation in which criminal charges are properly filed in one county and the defendant seeks to collaterally attack those charges in another county without a good legal basis for doing so and where the local prosecutor has no interest in the case. But statutory language requires the prosecutor who files the notice of appeal to be the one with primary responsibility of prosecuting cases in the court that issues the order being appealed, and we are bound by that language. And we have addressed a situation in which a habeas action has been filed in a court different from the court in which the criminal prosecution was pending, and we have held that the prosecutor authorized by statute to act in the habeas court (though different from the one in charge of the criminal prosecution) was the proper person to represent the State on appeal.[54] Judge Slaughter's concurrence also contends that an appellate court can simply hold that the Kinney County Attorney's notice of appeal invoked appellate jurisdiction for a limited purpose. But if the notice of appeal is not filed by the proper party, then appellate jurisdiction is not invoked for any

___

and we have no power to act other than to dismiss the appeal.").

[53] *Id.* at *3 ("As a result, the State properly invoked, at minimum, our jurisdiction to determine our jurisdiction and to determine the county court's jurisdiction. We will therefore determine whether the county court had jurisdiction to dismiss the information against Rodriguez-Gomez and whether we have jurisdiction to review the county court's order.").

[54] *Alvarez*, 977 S.W.2d at 591, 593 (prosecution in municipal court; district attorney, not city attorney, had authority to represent the State in appeal from a habeas action filed in a county court at law) .

purpose. We cannot create appellate jurisdiction that the legislature has not conferred.[55]

I respectfully dissent.

Filed: June 26, 2024
Publish

---

[55] Judge Slaughter's concurrence also suggests that the court of appeals could treat an appeal as a mandamus application upon the appealing party's request. That sort of claim is outside our discretionary review jurisdiction, *Dickens v. Court of Appeals*, 727 S.W.2d 542, 549 (Tex. Crim. App. 1987) ("there is no remedy via petition for discretionary review from an adverse ruling in an original mandamus proceeding"), and no one has filed a mandamus application with us in this case, so I express no opinion on the matter.